Joseph DUPRE, Plaintiff-Appellant,

v.

OTIS ENGINEERING CORPORATION, Defendant-Appellee.

No. 78–2987.

United States Court of Appeals, Fifth Circuit.

March 30, 1981.
Rehearing Denied May 14, 1981.

Henderson, Hanemann & Morris, Philip E. Henderson, Houma, La., for plaintiff-appellant.

Christovich & Kearney, Lawrence J. Ernst, New Orleans, La., for defendant-appellee.

Before THORNBERRY, ANDERSON and THOMAS A. CLARK, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellant Joseph Dupre filed this tort suit, predicated upon diversity of citizenship, against Otis Engineering Corporation (hereinafter referred to as "Otis") for damages resulting from an injury to the appellant received while performing a job for Otis. Appellant was employed as a seaman for Patterson and Edmonson Construction Company (hereinafter referred to as "Patterson"), but at the time of his injuries Patterson had contracted out the appellant's services to Otis for a temporary onshore job. The district court, on Otis' motion for summary judgment, concluded that appellant was a statutory employee of Otis so that appellant's sole remedy was for workmen's compensation. The court further concluded that appellant was not entitled to recover benefits because he had already been compensated for the injuries by his actual employer, Patterson. We affirm.

## I. FACTS AND POSTURE OF THE ISSUES ON APPEAL

The appellant Joseph Dupre was employed by Patterson as a foreman on the barge PB-2, a vessel in navigation. Most of his time was spent aboard the barge; however, a small percentage of his time was spent in temporary fill-in jobs on land. It is during one of these temporary fill-in jobs that the appellant sustained personal injuries which are the subject of this law suit.

On or about August 18, 1974, the defendant-appellee Otis, a company engaged in providing specialty services to the oil field industry, contracted with Patterson for a crew and a foreman to assist in transferring flexible tubing from smaller reels onto larger storage reels. This work was performed at Otis' yard, on dry land. On August 20, 1974, Patterson assigned the appellant as the crew foreman. On August 23, 1974,

appellant sustained personal injuries while acting as foreman of the crew. While appellant was a foreman of the crew, Frank Zepponi, an employee of Otis, gave general directions about what work was to be done and how it was to be done. Appellant and the other members of the crew were paid by Patterson who in turn billed Otis for the cost.

Appellant settled any and all claims against his primary employer, Patterson, and its insurer, Highlands Insurance Company. In consideration of the sum of $22,-326.50 plus monies previously paid on account of appellant's injuries, appellant, while represented by counsel, released Patterson and Highlands Insurance Company from all liability including liability under the Jones Act and general maritime law. The release specifically reserved any and all claims that appellant might have against Otis Engineering arising out of the August 23 accident. The settlement was approved by a judgment of the state court in the procedure used for settling disputed claims under Louisiana Workmen's Compensation Statute, LSA-R.S. § 23:1271-1273 (Supp. 1980). The judgment specified that Highlands Insurance Company and Patterson were released from liability under Louisiana Workmen's Compensation law and for all other claims. It specifically reserved appellant's rights against Otis Engineering.

Appellant then commenced this diversity of citizenship action against Otis Engineering for damages under general tort liability. Otis answered and raised the exclusivity provision of Louisiana's Workmen's Compensation law as an affirmative defense.[1] Otis alleged that appellant was its statutory employee at the time the accident occurred. Appellant responded that he was a seaman as to Otis and as such fell within the seaman's exclusion of the Workmen's Compen-

---

1. LSA-R.S. § 23:1032 provides in part as follows:

    The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all

other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.

sation Statute, LSA–R.S. § 23:1037;[2] however, by amended complaint appellant added a workmen's compensation claim against Otis. Otis defended this new claim on the ground that Louisiana law permits only one recovery for workmen's compensation and appellant had his recovery against his primary employer, Patterson. In response, appellant argues that the recovery from Patterson was actually for maintenance and cure, not workmen's compensation.

On Otis' motion for summary judgment, the district court concluded that the appellant was a statutory employee of the appellee, and that appellant's sole remedy was for workmen's compensation benefits. The district court, however, held that the appellant had already recovered workmen's compensation from his actual employer, and that appellant could not have double recovery for a single workmens' compensation claim.

The two issues on appeal are (A) whether appellant's exclusive remedy against Otis is for workmen's compensation benefits and (B) if so, whether the appellant is entitled to compensation from Otis?

## II.  DISCUSSION

### ISSUE A.

■ Under § 6 of Louisiana's Workmens' Compensation Statute, LSA–R.S. § 23:1061, a principal such as Otis may be liable for workmen's compensation to employees of an independent contractor for work which is a part of the principal's "trade, business, or occupation"; however, the principal has a right to indemnity from the contractor.[3] Appellant concedes that the work he was doing at the time of his injury was a part of Otis' trade, business and occupation and that the exclusive coverage provision of the workmen's compensation law would control, but for the fact of his contention that he was a seaman. *See* appellant's brief at 14. Appellant correctly points out that the workmen's compensation law is inapplicable to seamen. LSA–R.S. § 23:1037. Laying aside any discussion of appellant's status vis-a-vis Patterson, we do not believe that appellant was a seaman as to Otis. The injury occurred on shore and Otis had no connection or control over the barge on which appellant was a crewman. Appellant had never been employed by Otis as a seaman, was not employed by Otis in a seaman's capacity at the time of the accident, and did not anticipate working for Otis as a seaman in the future.

The facts and circumstances in this case are remarkably similar to those in our recent decision in *Guidry v. South Louisiana Contractors, Inc.,* 614 F.2d 447 (5th Cir. 1980). Harold Guidry was a cook on a barge that carried a dragline owned by South Louisiana Contractors, Inc. (Soloco). Soloco rented the dragline to J. P. Messina Contractors (Messina) and supplied a crew

2.  LSA–R.S. § 23:1037 provides in part:
    [B]ut nothing in this Chapter shall be construed to apply to any work done on, nor shall any compensation be payable to the master, officers, or members of the crew of, any vessel used in interstate or foreign commerce not registered or enrolled in the State of Louisiana.

3.  LSA–R.S. § 23:1061 reads as follows:
    Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any

compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
    Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

to operate the dragline. Guidry was one of the crewmen. The dragline was used without the barge to perform an onshore job. The work was directed by Larry Hebert, who was the captain of Soloco's barge. Guidry was injured while operating the dragline. The accident was allegedly caused by Hebert's negligence. Messina began paying compensation to Guidry under Louisiana's Workmen's Compensation Statute. Guidry sued both Messina and Soloco for negligence under the Jones Act, 46 U.S.C.A. § 688. With respect to Guidry's status as a seaman vis a vis Messina, the pertinent facts were as follows:

> Guidry's injury occurred on land, and Messina had no connection with or control over the barge. Guidry had never been in Messina's employment as a seaman before the injury, was not in its employment as a seaman at the time of his injury and did not anticipate working for Messina as a seaman in the future. Even if Messina then had control over his activities and was paying his full wages, Guidry could not have been a Messina-employed seaman.

614 F.2d at 453–54. We held as a matter of law that Guidry was not a seaman with respect to Messina, even though there was a question of fact as to his status as a seaman employed by Soloco at the time of the accident.

▆ We conclude that appellant's status with respect to Otis is controlled by *Guidry*. We hold that appellant was not a seaman as to Otis. Accordingly, appellant was not limited to maritime remedies.[4] Therefore, appellant's sole remedy against Otis is for workmen's compensation benefits.

### ISSUE B.

With respect to the second issue—whether appellant can collect workmen's compensation from Otis—we adopt the following portion of the district court's memorandum opinion and order of July 31, 1978:

> Plaintiff's right to recover benefits from Otis depends primarily on the effect of the judgment and release executed on April 29, 1976 between Dupre, his employer and intervenor. Clearly, plaintiff cannot recover more than once for the same workmen's compensation claim. *Roelofs v. United States*, 501 F.2d 87 (5th Cir. 1974) [*cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975)]. If Dupre has settled his compensation claim then he cannot recover again. If, on the other hand, the release did not dispose of his claim for workmen's compensation, then his claim is still alive.
>
> Plaintiff argues that his employment status with Patterson was as a Jones Act seaman, and therefore that he had no workmen's compensation remedy against Patterson. Accordingly, plaintiff contends, the release and judgment of April 29, 1976 could not have released Patterson or its insurer for liability for Louisiana Workmen's Compensation since Patterson had no such liability. Plaintiff asserts that the state court petition and judgment were executed only to satisfy his employer and its insurer that they were relieved of *all* liability, and that this

---

4. We recognize that *Guidry* applies the federal maritime law definition of seamen and that Dupre relies upon the Louisiana statutory exclusion of seamen. While we have found no cases on point, we must conclude that the federal and state definitions of "seamen" are coextensive. The seamen's exclusion is contained in the same statute, *i. e.*, § 23:1037, that excludes workmen's compensation coverage for railroad workers covered by the Federal Employee's Liability Act (FELA). We believe that the seamen's exclusion was similarly intended to exclude those persons who could look to the federal maritime remedies—unseaworthiness and maintenance and cure—for compensation. Many Louisiana cases have addressed the conflict between workmen's compensation coverage and federal maritime remedies but have not even mentioned § 23:1037. Instead, the courts looked to federal law to determine whether the employee was a seaman and, applying the exclusivity of the maritime remedies, held that the employee was limited to federal maritime remedies. *See Bearden v. Leon C. Breaux Towing Co.*, 365 So.2d 1192 (La.App.1978), *writ ref'd.; Apperson v. Universal Services, Inc.*, 153 So.2d 81 (La.App.1963). We are confident that the purpose of the seamen's exclusion in the Louisiana workmen's compensation law requires that the definition of seamen be coextensive with the definition for purposes of maritime remedies.

was the only way to absolve them of possible liability under the Act. He also contends that by their very terms, neither the release nor the judgment affects plaintiff's rights as to any other party.

In our previous opinion, we have already noted that plaintiff's argument that the unavailability of compensation benefits from his employer determined his right to benefits from Otis was a 'concededly novel one for which no authority has been offered or otherwise appears.' [Record Doc. # 47 at pp. 7–8]. In a diversity case dealing with Louisiana's Workmen's Compensation Act, such as this one, the interpretation of the Act must turn on the established statutory and jurisprudential law of this state, and not on an irrelevant and speculative inquiry into whether plaintiff would have had a compensation remedy against his employer had he chosen to seek one in court.

The dispute, which must have existed in order to allow the state court to consider a compromise, did not involve the fact of plaintiff's employment by Patterson. Indeed, plaintiff and Patterson and its insurer, Highlands, all represented to the court that Patterson was plaintiff's employer, that on the date of plaintiff's accident he was working as a roustabout foreman for Patterson and had been so working for Patterson for more than two years previously. The dispute, they told the court, involved the plaintiff's right to any further compensation and medical payments.

The court-approved compromise required and the court's judgment effected the release of the employer, Patterson, and its insurer, Highlands, from further liability to plaintiff for workmen's compensation.

\*　　\*　　\*　　\*　　\*　　\*

The only resolution consistent with logic and with the terms of the Act is to hold that plaintiff has already settled his single claim for workmen's compensation, for which there can be but one recovery, and he cannot be allowed to recover again.[5]

[5] Plaintiff's argument that he was a Jones Act seaman as to Patterson, and that this precludes a Section 6 defense by Otis is inconsistent with his actions in the state court proceeding. He maintains that his reason for seeking the state court judgment was to release Patterson of all claims, yet the joint petition in state court did not make any claim that he was a Jones Act seaman, nor did it seek settlement of any Jones Act claims; rather, it only sought the court's approval of a compromise settlement of a dispute between plaintiff and Patterson under the Louisiana Compensation Act. See note 2 *supra*. The state court would undoubtedly have had jurisdiction of a Jones Act claim. *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942).

Record at 341, 348–350 (footnote 5 appeared as part of the district court's opinion).

We agree with the district court that Dupre has already recovered workmen's compensation and cannot recover twice. *Roelofs v. United States, supra.* We look to the form and substance of the settlement. First, appellant's claims against Patterson were settled in the manner provided by Louisiana law for compromising and settling disputed workmen's compensation claims. LSA–R.S. § 23:1271 (Supp.1981) provides that whenever a bona fide dispute exists between the employee and employer as to liability, workmen's compensation coverage, or the extent and duration of injuries, the parties may compromise or settle the claim and submit it for approval by the state court. Once the court approves the agreement and enters it as a judgment of the court, the judgment is conclusive and cannot be set aside except for fraud, misrepresentation or failure to comply with the compromise procedures. *See Smith v. Cajun Insulation, Inc.*, 392 So.2d 398 (La.1980). Appellant's claim was settled in precisely this manner. The settlement recites that there was a bona fide dispute with respect to Dupre's "right to further compensation," the amount of future payments and the manner in which it was to be paid. Prior to the settlement, Patterson paid Dupre a weekly stipend of $65.00, the maximum weekly compensation

under the workmen's compensation law as it was then written, 1973 La. Acts No. 71, § 1.[5] Furthermore, the settlement consisted of a single final payment to cover future expenses. This is uncharacteristic of maintenance and cure which is not normally paid in a lump sum.[6]

Regardless of whether appellant was entitled to recover workmen's compensation from Patterson, Dupre represented to the state court in the workmen's compensation settlement proceedings that there was a good faith dispute as to Patterson's workmen's compensation liability and that that dispute was to be settled. He did in fact enter into the settlement, and he received compensation from Patterson. Since appellant could not receive Jones Act benefits,[7] he negotiated for and received the best deal he could, i. e., workmen's compensation from Patterson. He cannot, under Louisiana law, recover workmen's compensation benefits twice for the same injury, and cannot, therefore, maintain this action against Otis to obtain double recovery. The fact that appellant specifically reserved any and all rights against Otis in his settlement with Patterson does not change the result. Appellant could not entitle himself to double recovery in a settlement to which Otis was not a party.

Accordingly, the judgment of the district court is AFFIRMED.

5. Compare the $65/week with the $8/day or $56/week customarily paid for maintenance. See 1B Benedict on Admiralty § 51 (7th ed. 1980).

6. Since the amount and extent of maintenance and cure depends upon future developments, "maintenance and cure for the future are ordinarily not awarded in a lump sum." Pellotto v. L & N Towing Co., 604 F.2d 396, 401 (5th Cir. 1979). The compromise and settlement in this case provided for future medical expenses. The nature of the award is, therefore, uncharacteristic of maintenance and cure and further supports the conclusion that it was an award of workmen's compensation benefits rather than maintenance and cure.

7. Appellant's attorney admitted in oral argument that there was no negligence on Patterson's part to support a Jones Act claim.

THOMAS A. CLARK, Circuit Judge, dissenting:

I dissent. The majority opinion denies Dupre's Louisiana workmen's compensation claim against Otis Engineering Corporation on the ground that he had received workmen's compensation benefits from his principal employer, Patterson and Edmonson Construction Company. As the majority acknowledges, it is undisputed that Dupre was a seaman in his employment with Patterson and Edmonson. Therefore, in my view, because of the seamen's exclusionary provision of the Louisiana workmen's compensation law, La.Rev.Stat.Ann. § 23:1037 (West), Patterson and Edmonson was not liable to Dupre for workmen's compensation benefits. Its liability would have been under the general maritime law.

Highlands Insurance Company insured both Patterson and Edmonson and Otis Engineering. It was to the benefit of Highlands to settle all of Dupre's potential claims in the Louisiana state court proceeding initiated jointly by Highlands, Patterson and Edmonson, and Dupre when the latter agreed to a settlement. The release executed by Dupre released Patterson and Edmonson and Highlands from all claims, whether under the Jones Act, Louisiana workmen's compensation, general tort, maintenance and cure, or whatever.[1] Dupre's court appointed attorney insisted that the release contain a provision reserv-

1. In the release agreement, Dupre granted Patterson and Edmonson Construction Company and its insurer Highlands Insurance Company,

a full release and discharge from any and all liability whatsoever arising out of the aforesaid accident, or any accident prior to the date hereof, whether the liability, if any, be in damages, tort, compensation or otherwise, or whether the liability, if any, arises under the laws of the State of Louisiana or any State of the United States, or the laws of the United States including the Jones Act, the Longshoremen and Harborworkers Act, the Outer Continental Shelf Lands Act, and the general maritime law, or the laws of any foreign nation, with full reservation of Joseph P. Dupre's rights against all others.

ing Dupre's rights against all other parties, including Otis Engineering. Such a reservation was included in the settlement agreement.

Since La.Rev.Stat.Ann. § 23:1037 (West) clearly states that workmen's compensation shall not "be payable to the master, officers, or members of the crew of, any vessel used in interstate or foreign commerce," and since Dupre was employed by Patterson and Edmonson as a seaman, I cannot agree with the majority's holding that Dupre's claim against Patterson and Edmonson could in effect be converted into a workmen's compensation claim. Therefore, in my opinion, the appellant has not received workmen's compensation under Louisiana law and should not be barred from pursuing such a claim against Otis Engineering. Furthermore, Otis Engineering would not be entitled to indemnification from Patterson and Edmonson under La.Rev.Stat.Ann. § 23:1061 (West) because as a result of the seaman's exclusion of § 23:1037, Patterson and Edmonson would not have been liable to pay Dupre workmen's compensation. I would reverse and remand.