448 So.2d 169 (1984)
Mary Condoll, Widow of James S. CONDOLL
v.
JOHNS-MANVILLE SALE CORP. a/k/a Johns-Manville Products Corp.
No. 83-CA-706.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
*170 Gertler & Gertler, Judith A. DeFraites, New Orleans, for plaintiff-appellant.
Thomas M. Nosewicz, New Orleans, for defendant-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
*171 DUFRESNE, Judge.
This devolutive appeal arises from a summary judgment granted in favor of defendant, Johns-Manville, in a suit for Workmen's Compensation death benefits pursuant to LSA-R.S. 23:1231 filed by plaintiff, Mary Condoll.
The litigation stems from the death of the plaintiff's husband, James Condoll.
On June 10, 1982, James Condoll filed a petition for Workmen's Compensation benefits alleging that while employed by Johns-Manville, he performed his duties in the immediate area of asbestos, dust, silica and other harmful dust. Consequently, petitioner developed a painful and debilitating lung disease relating to this exposure.
In an effort to mitigate this lawsuit, Mr. Condoll and Johns-Manville entered into a court approved Workmen's Compensation compromise settlement on January 14, 1983.
In the settlement, the petitioner, James Condoll discharged Johns-Manville from all further liability in consideration for $25,000.00.
Now, Mary Condoll, widow of James Condoll, alleging that on February 6, 1983, Mr. Condoll died as a direct consequence of his occupational disease. Responding in accordance with this assertion, a petition for Workmen's Compensation death benefits was filed on March 22, 1983. The defendant filed a Motion for Summary Judgment contending that it was entitled to judgment as a matter of law. The trial court granted the motion, and the matter was dismissed. The instant appeal followed.
The sole issue on appeal is whether a compromise settlement of an injured worker's disability claim simultaneously compromises and settles the dependent spouse's claim for death benefits under LSA-R.S. 23:1061, when the dependent spouse was not a party to the injured spouse's disability settlement and received no consideration whatsoever.
It is clear that the plaintiff's dead husband completely compromised any worker's compensation claim he may have had against the defendant as evidenced by the Joint Petition to compromise.
The interesting aspect of this appeal is the plaintiff's attempt to seek workmen's compensation death benefits as a result of the death of her husband when the condition which caused his death was compromised and judicially settled.
The language of the compromised agreement is clear. There is absent any phrase which could be construed as a reservation or exclusionary clause. The parties obviously intended that the agreement be a compromise of all liability in this case. LSA-R.S. 23:1273 provides:
1273. Judgment of compromise
If the court believes the compromise agreed upon to be fair and equitable, and that it was entered into primarily to avoid or to end litigation, it shall approve the same, and immediately enter it as the judgment of the court, and the said judgment shall not thereafter be set aside except for fraud or misrepresentation made or induced by the employer or his insurer. The judge may, however, refuse to approve the settlement if he does not believe that it does substantial justice to the parties.
Under the above section, once the court approves the settlement of a worker's compensation claim, said judgment is conclusive and cannot be set aside except for fraud, misrepresentation, or failure to comply with the compromise procedures set out in the worker's compensation act. Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980); Dupre v. Otis Engineering Corporation, 641 F.2d 229 (5th Cir.1982). Thus, the judgment rendered on Mr. Condoll's claim is conclusive and cannot be set aside except for fraud, misrepresentation or failure to comply with the compromise procedures. The petition filed by Ms. Condoll for death benefits lacks any allegation pertaining to fraud, misrepresentation, or failure to comply with the compromise procedures. Hence, plaintiff's petition fails to *172 state a cause of action or right of action under Louisiana law.
The plaintiff apparently argues that a cause of action for death benefits under the Worker's Compensation Act is separate and distinct from that of the injured worker notwithstanding the fact that each claim arises out of the same accident, and therefore the compromise and settlement of the injured worker's disability claim does not affect any potential claim for death benefits.
The purpose of LSA-R.S. 23:1231 is to provide for death benefits to the dependents of an injured worker where the injured worker reaches his untimely demise prior to any compromise or adjudication of the compensation claim.
There is no provision in the Louisiana Workmen's Compensation Act for the dependent spouse to be a party to a pre-death settlement.
A compromise is an agreement to adjust the differences of two or more persons by mutual consent for preventing or ending a lawsuit. If entered into prior to the filing of suit, it must be in writing, LSA-C.C. Art. 3071. The law in Louisiana is clear with respect to written obligations. Courts are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when there are clear, explicit and lead to no absurd consequences, LSA-C.C. Art. 1945; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
In this case, what disputed matters were compromised? Was it a compromise of all liability? Compromise agreements cannot be attacked for an error in law or for lesion. However, compromise agreements can be contested for errors in calculation, error in the person, fraud, violence or an error on the matter in dispute, LSA-C.C. Arts. 3078-3079. Furthermore, the Louisiana Workmen's Compensation statute provides that court approved settlements are conclusive and cannot be set aside except for fraud, misrepresentation, or failure to comply with compromise procedures set out under the act, Dupre v. Otis Engineering Corporation, supra.
A compromise agreement extends only to those matters which the parties expressly intend to settle. LSA-C.C. Art. 3073; Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir.1975). Ordinarily, the meaning and intent of the parties to a written contract (such as a written compromise agreement) must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence, LSA-C.C. Art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982). An exception to this rule exists when there is a dispute between the parties as to exactly what matters were intended to be settled by the compromise agreement, LSA-C.C. Art. 3079, Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961); Munna v. Mangano, 404 So.2d 1008 (La.App. 4th Cir.1981).
Under LSA-R.S. 23:1271, an injured employee or his dependents have the right to compromise a Workmen's Compensation claim. However, while the injured claimant is alive and has control of his mental faculties, payments are made only to him and in certain specific amounts set out under the Act. It is only upon death of the employee that the "Dependents" are capable of instituting a compensation claim.
While the rights to receive compensation are different for the employee and the dependents, each is based upon the same cause of action, namely, the employee having sustained a compensable injury. Both rights are dependent upon an original interrelationship of employer and employee and must be the result of the contraction of an occupational disease or injury arising out of and in the course of the employment. The dependent's right to compensation death benefits and the employee's right to compensation are so closely related that the parties have a community of interest. Until it is shown that the employee suffered a compensable injury, neither the employee *173 nor the dependent is entitled to compensation. However, when it is established that the employee has suffered a compensable injury, the right to compensation for the injury or disease accrues to the employee and if he dies of such injury or occupational disease, it is in effect continued in favor of his dependents.
The fact that the compensation which the dependent thereby becomes entitled to receive is not new compensation for the death, but continuing compensation for the injury is evident from LSA-R.S. 23:1236 which provides:
1236. Payments to employee before death; effect on payments to dependents
Where payments of compensation have been made to the employee before his death, the compensation for dependents as provided for in this Subpart shall begin on the date of the last of such payments.
It logically follows that if the dependent's compensation benefits can be diminished or eliminated, then a dependent should not be allowed to recover death benefits after the injured worker compromised and judicially settled his compensation claim, thereby releasing his employer from all further liability. The Workmen's Compensation law of this State does not allow a double recovery.
Accordingly, for the foregoing reasons, the judgment of the trial court dismissing the plaintiff's suit is affirmed.
AFFIRMED.
GRISBAUM, J., concurs.
GRISBAUM, Judge, concurring.
I respectfully concur in the result.