KLIEBERT, Judge.
Annie Price, the widow of Willie Price, sued her husband’s employer, Johns-Man-ville Sales Corporation, the defendant, for compensation benefits under the provisions of LSA-R.S. 23:1231. The defendant filed a motion for summary judgment. The motion was grounded in the contention Willie Price had previously entered into a settlement agreement which compromised all rights under the Louisiana Workmen’s Compensation Act. The trial judge granted the motion and dismissed plaintiff’s suit. She brought this devolutive appeal. We affirm.
Willie Price was diagnosed as suffering from an occupational lung disease on July 8, 1980. The defendant contends plaintiff’s husband compromised and settled his cause of action for disability benefits in June of 1981. He then died on September 1, 1981 as a direct consequence of his occupational disease.
Although the motion for summary judgment alleges the petition for authority to compromise and the judgment of compromise of the compensation claim are attached to the motion for summary judgment, we do not find these in the record. However, plaintiff agrees a compromise settlement of all of the decedent’s workmen’s compensation claim was effected. Further, both parties liberally quote from the petition for authority to compromise *759 and from the judgment compromising the claim and neither disputes the accuracy of the quotations. Therefore, in the interest of judicial economy, rather than remanding the case to supplement the record, we will consider the merits of the appeal.
The issue presented is identical to that presented in Condoll v. Johns-Manville Sale Corporation, La.App., 448 So.2d 169, opinion rendered on March 13, 1984; i.e., whether a compromised settlement of an injured worker’s disability claim settles the dependent spouse’s claim for death benefits under LSA-R.S. 23:1061, even though the dependent spouse was not a party to the injured spouse’s disability settlement and received no consideration whatsoever.
In the Condoll case, this court concluded the purpose of LSA-R.S. 23:1231 was to provide for death benefits to the dependents of an injured employee where the injured employee died prior to any compromise or adjudication of the compensation claim. The dependent’s right is to have the employer continue making to him the compensation being paid to the injured employee at the time of his death rather than a right to establish new compensation benefits for the dependent. Therefore, although the dependent’s right to have the compensation benefits continue is separate from the employee’s right to establish compensation benefits for an injury, the compromise of the employee’s claim forecloses future benefits to the dependent. Hence, following a settlement, there is no longer a right to compensation benefits by either the employee or the dependent unless the compromise judgment can be set aside for fraud, misrepresentation or failure to comply with the compromise procedures of the act. See Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
Accordingly, the judgment of the trial court is affirmed. Costs of the appeal are to be borne by the appellant.
AFFIRMED.