499 So.2d 1024 (1986)
Patsy Marilyn Douglas HENSON, Plaintiff-Appellee,
v.
Otis L. HENSON, Defendant-Appellant.
No. 85-958.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1025 Fruge and Dejean, Kenneth W. Dejean, Lafayette, for defendant-appellant.
Diana Sorola, Lafayette, for plaintiff-appellee.
Before FORET, STOKER and KING, JJ.
PER CURIAM.
The plaintiff's husband has appealed from a judgment in this partition suit which determined his ex-wife's interest in his employer's retirement pension plan, if and when it is paid.
The parties stipulated as to the following facts:

(1) 6/12/58 - Date of Marriage
(2) 9/26/74 - Husband employed by
 Mobil Oil Corporation
(3) 5/5/82 - Suit filed for termination
 of community between
 the parties
(4) 5/1/83 - Respondent's retirement
 benefits with Mobil Oil
 Corporation were fully
 vested
(5) 7/23/84 - Date of trial.

The suit filed on May 5, 1982 was for a separation decree which was granted to the wife on June 30, 1982. Under LSA-C.C. Art. 2356 and the jurisprudence the community regime was therefore terminated on May 5, 1982.
The husband was still employed by Mobil when this partition suit was tried. The trial judge held that the wife's one-half community interest in the benefits to be paid under the plan is to be determined by a fraction with its numerator being the number of months from the beginning of the husband's employment to the date of the trial, rather than to the dissolution of the community, and its denominator being the total months the husband was employed before retirement. The judgment states the following formula for the determination of the wife's interest in the pension benefits:
Number of months employed
to which marital community Amount of the Wife's
interest is applicable (118) × retirement share
½ × total number months benefits if and = of
employed at time retirement when received benefits
benefits commence
The trial judge's decision was obviously based on LSA-R.S. 9:2801(4)(a) which provides in part as follows:
"(4) The court shall then partition the community in accordance with the following rules:

*1026 (a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties."
Plaintiff contends the court erred in including in the numerator of the fraction the number of months of his employment after the community was dissolved. We agree, and the judgment will be amended accordingly.
It is now well settled that upon dissolution of the community an employed spouse's interest in a deferred retirement benefits plan is a community asset even though no benefits are then payable and it has no redeemable cash value. In such case, the other spouse is entitled to a judgment recognizing his or her one-half interest in the benefits, if and when they become payable, in the proportion that they are attributable to the employed spouse's employment during the community. The proper computation of this ratio or fraction is set forth in Sims v. Sims, 358 So.2d 919 (La.1978).
LSA-R.S. 9:2801(4)(a) now provides the procedure to be followed in the allocation of assets and liabilities to the parties in marital partitions and says that such assets shall be valued as of the time of the trial. However, like the court in Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir.1982), writ den., 423 So.2d 1181 (La.1982), we believe the statute is procedural and that the legislature did not intend to change any substantive rule of law, such as the date of termination of a community under LSA-C.C. Art. 2356. In our opinion Section 4(a) of the 1982 statute does not apply to the valuation of those community assets which experience a gain or a loss by reason of action or contribution of either spouse after the date of the legal termination of the community.
In the present case, the community interest in the retirement benefits had no ascertainable value when the community was dissolved nor at the time of the trial. The increase in the amount of the retirement benefits, if and when payable, has resulted entirely from separate efforts or contributions of the husband who continued his employment after the community was legally terminated. Neither the wife nor the community, which no longer existed after May 5, 1982, had any part in increasing the amount of the expected retirement benefits after such date. The wife's right to a part of the future retirement benefits is only in the proportion that they were attributable to the husband's employment during the existence of the community. To hold otherwise would actually extend the community's existence to the time of the trial contrary to codal Article 2356.
For the foregoing reasons, the judgment of the district court is amended to substitute 91 1/3 months for 118 months as the numerator in the fraction by which the defendant's interest in the plaintiff's retirement benefits is to be computed, if and when they are paid. Otherwise, the trial court judgment is affirmed. The costs of this appeal are assessed to the plaintiff-appellee.
AMENDED AND AFFIRMED.