GOTHARD, Judge.
This case arises from a partition of community property under LSA-R.S. 9:2801. The former husband appeals the calculation of his ex-wife’s share of his pension.
Jean Fernandez and J. Donald Drez were married in 1955 and were divorced on August 16, 1983. Mr. Drez was employed by Squibb Corporation from April 1, 1967 until March 1, 1990, when he acquiesced to early retirement. The community was dissolved as of March 3, 1983, when Mrs. Drez filed a petition seeking a divorce on grounds of living apart more than one year.
On August 22, 1989 Mrs. Drez filed a petition for partition of the community with a sworn descriptive list of assets, and Mr. Drez filed a petition and list on August 23. Both lists included the Squibb pension plan as a community asset, with a notation on Mr. Drez’s list to the effect that the value was to be determined according to the Sims formula. The judgment of partition rendered on July 19, 1990 provided that Mrs. Drez was entitled to receive an interest of 35% in Mr. Drez’s Squibb retirement plan, in accordance with the Sims formula. This appeal followed.
In Sims v. Sims, 358 So.2d 919 (La.1978), the following formula was set out for determining the non-employed spouse’s share of the employed spouse’s benefits:
Portion of pension attributable to creditable service during existence of community
X lk x annuity
(or lump-sum payment)
Pension attributable to total creditable service
The calculation proposed by Mrs. Drez and adopted by the court was based upon the ratio of years of service during the existence of the community to total years of service. The resulting figures are as follows:
15.92 years
X V2 X $1,040 (monthly annuity) = $364.14
22.92 years
Mr. Drez maintains that the calculation is in error and that the Sims formula is based upon the contributions made during the marriage and not the years of employment. Otherwise, Mrs. Drez would benefit from compensation he earned (at a higher salary) after the community ended, as the pension at Squibb is based upon the employee’s last five years of service.
The appellee contends that the appellant’s reasoning discounts the fact that without the early years of employment there would be no basis for the annuity. In Sims v. Sims, supra, the Supreme Court *526 explained, at 921, that the lower courts’ decisions, limiting the wife’s interest to half the cash withdrawal value at the date of dissolution of the community, were erroneous:
... [The trial and intermediate courts’] reasoning and result underlook (sic) the fundamental nature of the community asset acquired in a retirement plan through employment of either spouse during the existence of the community. The community interest stems not only from contributions made by community funds, but also by reason of any right to receive proceeds attributable to such employment during the community (i.e., as an asset “acquire[d] during the marriage,” Civil Code Article 2402), whether based on the community’s contributions or not. T.L. James & Co., Inc. v. Montgomery, cited above (332 So.2d 834 (La.1976).
Mrs. Drez points out that because Mr. Drez did not retire when they separated, she was unable to receive her interest until he did so and should now receive the benefit of the interest that has accrued and of the allowance for inflation that was built into the retirement plan.
It is clear from the example provided in Sims at “Appendix A” that calculation upon years of service alone is erroneous. See also Henson v. Henson, 499 So.2d 1024 (La.App. 3rd Cir.1986); Comment: Retirement Equity Inaction: Division of Pension Benefits upon Divorce in Louisiana, 48 La.L.Rev. 677 (1988). Sims was a federal worker whose pension was a defined benefit, based upon an increasing percentage of the average pay for his entire tenure. The example in “Appendix A” was predicated upon a fictitious date of retirement, at which time Sims’ total employment was 21 years, 5 months and his employment during the community was 19 years, 5 months. Based upon an average annual wage of $19,599.30, the following computation resulted:
$6,877.34
X ½ X $7,790.77 = $3,438.67
$7,790.77
Sims v. Sims, supra, at 925.
The designated record contains no transcript. The appellant submits as an appendix to his brief a letter from Squibb’s benefits administrator, dated March 15, 1990, showing monthly pension benefits based upon the benefits having been frozen on February 1,1983 or June 1, 1983 and retirement on March 1, 1990 (age 57 years, 7 months). Mrs. Drez objects to the inclusion of the appendix, as it was not introduced at trial. She also points out that it is irrelevant, because Mr. Drez’s pension was not frozen on that date and because no early retirement factor was applied to his ultimate retirement annuity. Although the calculations in the March 15,1990 letter are based upon dollar values, the date of dissolution of the community is inaccurate, as it is March 3, 1983 rather than February 1 or June 1, 1983; furthermore Mrs. Drez had no opportunity to oppose the calculations at trial.
As we noted above, we find that the judgment of partition is clearly wrong as to the value of Mrs. Drez’s interest in the pension. Since it appears that no testimony was taken in support of or refuting the calculations and in view of the incorrect date for dissolution of the community, we find it necessary to remand for an eviden-tiary hearing and recalculation of Mrs. Drez’s share of Mr. Drez’s retirement benefits.
For the reasons assigned above, we vacate and set aside the judgment below and remand for further proceedings consistent with this opinion.
JUDGMENT VACATED AND SET ASIDE, CASE REMANDED.