KLIEBERT, Chief Judge,
concurring.
I agree the trial court’s ruling should be reversed, but for different reasons than those cited in the majority opinion.
The partition agreement was dated January 2, 1980. On December 29, 1984 the original petition for reformation of the agreement was filed. Although the supplemental petition requesting a reformation was not filed until October 24, 1986, it relates back to December 29,1984, the date the original petition for reformation was filed. LSA-C.C.P. art. 1153; Raziano v. Lincoln Property Co., 520 So.2d 1213 (5th Cir.1988). Hence, in my view the trial judge properly denied the exception.
Nevertheless, on the merits of the case, I believe the trial court erred in ordering a reformation of the partition agreement. As noted by the majority, it is clear from the record that the existence of Mr. Berg-es’ pension plan was known to, discussed, and evaluated by the parties in 1980. The parties were content then with setting the value of the pension at $12,000. Any attempt to now reform the community property settlement agreement in the total absence of allegations of deceit or fraud would be to upset a compromise settlement agreement. Compromise agreements are favored and, in the absence of fraud, deceit, or error, should be enforced. LSA-C.C. art. 3079; Condolí v. Johns-Manville Sale Corp., 448 So.2d 169 (5th Cir.1984). Moreover, although not necessary to this decision, I seriously doubt the formulae applied in Sims v. Sims, 358 So.2d 919 (La.1979) should be applied here. See Hare v. Hodgins, 567 So.2d 670 (5th Cir.1990); Drez v. Drez, 575 So.2d 524 (5th Cir.1991).
Accordingly, I concur in the results reached by the majority opinion.