| ¡JONES, Judge.
This appeal arises from a worker’s compensation proceeding for death benefits.
Facts
Larry Newsome died on September 6, 1989, after an American Waste truck backed over him during the scope of his employment. At the time of this unfortunate accident Mr. Newsome was employed by Holi Temporary Services, who had assigned him to American Waste as a maintenance person. On July 23,1990, the appellant, Antonia Cager, the mother of the decedent’s children filed a tort action against American Waste. A judge in the Civil District Court for the Parish of Orleans granted a motion for summary judgment and dismissed the tort action, finding that because American Waste was the statutory employer of the decedent, American Waste was hable only under worker’s compensation.
I2A worker’s compensation suit was filed against the direct employer Holi and its insurer. The administrative law judge approved a settlement between the decedent’s parents and children and the direct employer Holi. Pursuant to the terms of the settlement decedent’s parents each received $13,-333.33 and the decedent’s three children each received $4,444.44. Holi paid these settlement amounts. Pursuant to an earlier written agreement, Holi also agreed to indemnify American Waste.
Subsequently, appellant filed a claim for worker’s compensation benefits on behalf of the children against American Waste in its capacity as the statutory employer. In response to the claim, American Waste filed a motion for summary judgment and exceptions of prescription, no right of action and res judicata. In those pleadings, American Waste argued that the settlement with the direct employer, Holi resolved all possible claims of liability resulting from the death of the decedent. The administrative law judge agreed and granted American Waste’s motion for summary judgment and the exception of no right of action for the following reasons:
... [T]he legal relationship of American Waste to Holi and the claimants is that of a surety ... since Holi was the principal obligor and, through its insurer, fully capable of meeting the debt, the full release of Holi of the obligation in turn released the vicariously hable statutory employer, American Waste.
On appeal, the appellant argues that the administrative law judge for the Office of Worker’s Compensation erred in dismissing the children’s action because he confused the rights and obligations between solidary obli-gors and the rights and obligations between solidary obligors and creditor-obligees. The appellant also argues that the settlement with Holi did not release American Waste nor did it extinguish the debt owed by American Waste.
_JjHaving reviewed the entire record, we reverse and remand this case for additional findings.
Discussion and Law
An obligation is solidary for the debtors when each debtor is hable for the whole performance. La.C.C. art. 1794. When one of the debtors satisfies the whole debt, the other debtors are reheved of liability towards *754 the creditor. La.C.C. art. 1794. However, a creditor who receives a partial performance from a debtor separately maintains the soli-dary obligation against all his debtors for the balance of the debt. La.C.C. art. 1802. Comment (d) of article 1802 declares that “solidarity is preserved when an obligee accepts a partial performance from one obligor, and the obligee retains his rights of action against all the solidary obligors for the balance. ...” This notion is statutorily codified in article 1795 of the Civil Code which specifies “[ujnless the obligation is extinguished, an obligee may institute action against any of his solidary obligors even after institution of action against another solidary obligor.” La. C.C. art. 1795.
La.C.C. art. 1803 also credits the remaining solidary obligors as it declares that “remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligor in the amount of the portion of that obligor.” La.C.C. art. 1803.
The comments to articles 1802 and 1803 indicate that the rule that a creditor must retain or reserve rights against the remaining solidary obligors to maintain the obligation in solido has been rejected. See La. C.C. art. 1802, comment (a) (“This Article ... changes the law insofar as it eliminates the presumption of renunciation or waiver of solidarity in the absence of a | reservation by the obligee.... ”); see also La.C.C. art. 1803, comment (e) (“The rule of C.C. Art. 2203 (1870), according to which an obligee who remits a debt in favor of one solidary obligor without expressly reserving his right against the others is deemed to have forfeited the entire obligation reproduces the one contained in Article 1285 of the Code Napoleon....”)
Both appellant and appellee agree that Holi and American Waste are solidarily hable for death benefits. Thus, according to the current Louisiana Civil Code, appellant may sue American Waste only if the settlement with Holi did not extinguish the entire debt nor release American Waste from any further lability.
Appellee argues that the appellants cannot recover against them because pursuant to the holding of Dupre v. Otis Engineering Corporation, 641 F.2d 229 (5th Cir.1981) a claimant may not obtain double recovery for worker’s compensation benefits. In Dupre, the claimant received injuries while performing duties for his statutory employer. He settled with his direct employer specifically reserving all his rights against the statutory employer. Id. at 230. When he tried to recover workmen’s compensation benefits from his statutory employer, the Fifth Circuit denied the claim. The court noted:
Dupre represented to the state court in the workmen’s compensation settlement proceedings that there was a good faith dispute as to ... [his direct employer’s] workmen’s compensation liability and that dispute was to be settled. He did in fact enter into the settlement ... he negotiated for and received the best deal he could ... He cannot, under Louisiana law, recover workmen’s compensation benefits twice for the same injury, and cannot, therefore, maintain this action against ... [his statutory employer] to obtain double recovery. The fact that ... [Dupre] specifically reserved any and all rights against [his statutory employer] ... does not change the result.
Id. at 234.
IsAppellee’s reliance upon Dupre is misplaced for several reasons. First, we note that Dupre was decided before the enactment of La.C.C. arts. 1802 and 1803 which significantly altered the law regarding soli-dary obligors and creditors. Moreover, unlike the claimant in Dupre, the record does not clearly demonstrate that the written settlement between the appellants and Holi extinguished the appellant’s entire worker’s compensation claim. The only way that Dupre can be reconciled with the present Codal provisions would be if a finding was made that the decedent’s children have been fully compensated under the workmen’s compensation scheme. If they have not been fully compensated, they are entitled to claim more death benefits from American Waste, absent a valid settlement agreement covering American Waste’s liability.
*755 A. Has the debt been extinguished?
Under the Louisiana workmen’s compensation statute, death benefits are distributed first to the decedent’s dependent spouse and children. La.R.S. 23:1231, La.R.S. 23:1232. If the employee is not survived by any legal dependents, decedent’s surviving parents each receive $20,000.
However, if appellant is able to prove dependency, the children would be entitled to receive sixty-five percent of the deceased employee’s wages. If the children are not legal dependents of the deceased, each parent would be entitled to receive $20,000.
The dependency status of the children was never resolved because all of the survivors settled with Holi. It is possible that the children may be entitled to more worker’s compensation death benefits than they received in the settlement because sixty-five percent of deceased’s wages may be more than the amount they had received in the settlement. If that is the ease, the debt is not entirely extinguished and the appellants have a legal right to proceed against Rthe statutory employer who is solidarily liable along with Holi to recover the difference.
B. Did the compromise release American Waste?
The settlement agreement executed between the appellant and the insurance company for Holi does not contain any mention of American Waste. American Waste was not a party to the agreement nor was American Waste mentioned by any of the parties. In fact, when the attorney of record for the settlement testified, he said that there was never any discussion “that there would be a case down the road against American Waste ... there was no specific mention of American Waste in the settlement documents ... or receipt and release.” Further we note that there was a tort action pending against American Waste while appellant was negotiating with Holi. These factors lead us to believe that appellant did not intend to release American Waste from the solidary obligation, rather, the appellant simply agreed to accept a partial performance from Holi.
The comments to La.C.C. arts. 1802 and 1803 suggest that the appellant did not have to specifically reserve the children’s rights against American Waste in order to preserve the solidary obligation. If the settlement did not pay out all of the benefits owed under workers’ compensation, then appellant may proceed against American Waste unless the settlement also released the statutory employer.
Because the record does not contain sufficient information to determine whether or not the children are entitled to additional worker’s compensation death benefits, we reverse the judgment dismissing the appellant’s claim and remand the ease for additional proceedings consistent with the views expressed in this opinion.

REVERSED AND REMANDED.

ARMSTRONG, J., concurs in the result.