STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-355

LUCILLE BOUY

VERSUS

TECHE ELECTRIC

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NUMBER 01-4323
SAM LOWERY, WORKERS' COMPENSATION JUDGE

**********

**BILLIE COLOMBARO WOODARD
JUDGE**

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Billie Colombaro Woodard, and Jimmie C. Peters, Judges.

**Doucet, C. J., concurs in the result.**
**Peters, J., concurs and assigns written reasons.**

**REVERSED AND REMANDED.**

J. Louis Gibbens
Gibbens & Stevens
222 West Saint Peter Street
New Iberia, Louisiana 70560
(337) 367-8451
Counsel for Plaintiff/Appellant:
    Lucille Bouy

Brenda L. Mistrot
Law Offices of Nan M. Landry
2014 West Pinhook Road
Lafayette, Louisiana 70508
(337) 234-7200
Counsel for Defendants/Appellees:
    Teche Electric Cooperative, Inc.
    Wausau Insurance Company

WOODARD, Judge.

Mrs. Lucille Bouy appeals the WCJ's grant of Defendants' exception of no right of action. The WCJ found that her husband's prior compromise of his claims against the Defendants for injuries he received in the course and scope of his employment in 1970 extinguished her right of action for death benefits. We reverse.

* * * * *

Mr. Emile Bouy, Jr., was injured in the course and scope of his employment with Teche Electric Cooperative, Inc. (Teche) in 1970. He lost one of his legs below the knee and suffered other injuries to both legs. In 1973, he settled his claims against Teche and its workers' compensation insurer, Wausau Insurance Company (Wausau), for $9,000.00. Mr. Bouy's wife alleges that he contracted Hepatitis C in some of the blood transfusions he had while being treated for his injuries and that the Hepatitis C led to his death in July of 2000.

Louisiana Revised Statutes 23:1231 legislates that the employee's dependent has a right of action upon the employee's death. As Mr. Bouy's widow, Mrs. Bouy is presumed to be his dependent under the statute.[1] Thus, she brought a claim for death benefits under the Workers' Compensation Act. However, the compromise agreement that Mr. Bouy signed, explicitly purports to settle any and all rights of action against Teche and Wausau arising from the subject accident. Accordingly, the WCJ dismissed her claim on an exception of no right of action, finding that she had no right to bring the action because of Mr. Bouy's earlier compromise of his claims. She was not a party to the compromise, but she signed it as a witness, and the court approved the compromise.

We must decide whether the compromise that Mr. Bouy entered into with Teche and Wausau deprives Mrs. Bouy of a right of action as his dependent.

**SETTLEMENT/COMPROMISE**

The settlement agreement provides in pertinent part:

---

[1] La.R.S. 23:1251(1).

The joint petition of the employee, employer and insurer setting forth the agreement of compromise settlement between the parties having been presented to the court and considered by it, and the court having discussed the said settlement with employee and with his attorney, and after considering all of the issues and disputes presented in this matter, and being of the opinion that there are substantial disputes existing between the parties, and that the compromise is fair and equitable and to the interest of employee and should therefore be approved.

**IT IS ORDERED, ADJUDGED AND DECREED** that the compromise settlement presented in the above entitled and numbered cause be and the same is hereby approved and found to be equitable.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the insurer pay to the employee, Emile Bouy, Jr., the sum of NINE THOUSAND AND NO/100 ($9,000.00) DOLLARS in cash, in a lump sum and without discount, which amount will be paid to employee in addition to the medical expenses and compensation benefits previously paid by the insurer as alleged in the joint petition herein, which amount will be received in full, final and complete compromise settlement of all past, present and future claims, demands, compensation, medical expenses, costs, expenses, penalties, attorney's fees, damages and any and all causes of action and rights of action whatsoever, which the employee may have and to which he may be entitled, known and unknown, anticipated and unanticipated under the Workmen's Compensation Laws of the State of Louisiana, the tort laws and any and all other laws in any way resulting from and/or to result from the accident which occurred at the time and place shown in the petition filed herein, and any and all other accidents sustained by him in the past, arising out of or occurring in the course of his said employment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon the payment of the amount hereinabove set forth, the employer, Teche Electric Cooperative, Inc. and the insurer, Employers Insurance of Wausau, its and/or their agents, employees, officers, directors, stockholders and representatives, and any and all other persons, firms, corporations, (including, but not in any way limiting the same thereto, the executive officers, directors and stockholders of said corporations), partnerships and parties whomsoever be and they are hereby discharged from any and all liability to employee under Workmen's Compensation Laws of the State of Louisiana, the tort laws and any and all other laws whatsoever, as a result of the accident referred to in the petition filed herein, and any and all other accidents sustained by him in the past, arising out of or occurring in the course of his said employment.

Mrs. Bouy's claim for death benefits is not covered in this compromise because we may not presume that a general forfeiture of all claims, no matter how broad,

2

includes claims arising from the party's *death*, rather than the injury.[2] La.R.S. 23:1231 gave Mrs. Bouy a right of action upon Mr. Bouy's death.

We are mindful that the fifth circuit has held that an employee can compromise the rights his dependent has for death benefits because the dependent's right is derivative of the employee's claims.[3] These cases considered the employee's compromise of his own claims to extinguish his or her dependent's claim for death benefits, viewing the right to death benefits as a *continuation* of the injured employee's right to benefits, rather than as a separate and distinct right, arising in the dependent's favor. However, subsequent to these cases, regarding a similar cause of action, our supreme court has held that a wrongful death tort claim, under La.Civ.Code art. 2315.2, is *not* derivative of the tort victim's claim for his or her injuries but, rather, is a separate and distinct action, arising in the beneficiary's favor.[4] Thus, we question whether the fifth circuit cases continue to have any validity.

Specifically, even recognizing the possible distinctions between claims for death benefits under the Workers' Compensation Act and tort claims for wrongful death under La.Civ.Code art. 2315.2, the supreme court's guidance in evaluating whether a settlement agreement or compromise includes death claims, is instructive in either instance. While our supreme court has held that a pre-death release of a claim, arising from a person's death, is not against public policy, it has also found that the parties' intent to include such a release in the settlement agreement must be *unequivocally* reflected within the document, leaving no question that the parties contemplated such a claim.[5]

In the instant case, the compromise is extremely broad but, also, extremely general in expressing the terms of the claims that the parties intended to compromise. Allegedly, Mr. Bouy's Hepatitis C resulted from blood transfusions he received when he was treated for the injury to his legs in 1970. The compromise includes only rights and causes of action, arising from direct injuries to his legs. It does not purport to include injuries, arising out of *treatment* for the injuries. Furthermore, the parties

---

[2]*See Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741.

[3]*See, e.g., Condoll v. Johns-Manville Sale Corp.*, 448 So.2d 169 (La.App. 5 Cir. 1984); *Price v. Johns-Manville Sales Corp.*, 450 So.2d 758 (La.App. 5 Cir. 1984).

[4]*Walls v. Am. Optical Corp.*, 98-455 (La. 9/8/99), 740 So.2d 1262.

[5]*Brown*, 630 So.2d 741.

were unaware that he had contracted Hepatitis C when they compromised the claim for his injuries; therefore, they could not have contemplated the inclusion of claims associated with it. Additionally, there is nothing within the compromise agreement's language which indicates that they contemplated that Mr. Bouy's injuries would cause his death.

Accordingly, we cannot find that the settlement agreement extinguishes Mrs. Bouy's right of action to claim death benefits under the Workers' Compensation Act. Thus, we reverse the WCJ's grant of Teche's exception of no right of action and remand for further proceedings.

## CONCLUSION

Finding that the settlement agreement does not extinguish Mrs. Bouy's right of action for death benefits, we reverse and remand the case for further proceedings. We cast the costs of this appeal on Appellees, Teche and Wausau.

**REVERSED AND REMANDED.**

4

03-355
COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

LUCILLE BOUY

VERSUS

TECHE ELECTRIC

PETERS, J., concurring.

I agree with the result reached in Judge Woodard's primary opinion in this matter, but disagree with the analysis. The sole issue before this court is whether Mrs. Bouy has a right of action, or whether there exists an "interest in [Mrs. Bouy] to institute the suit." *See* La.Code Civ.P. art. 927(A)(5). Judge Woodard reaches the conclusion early in her analysis that Mrs. Bouy has a right of action when she states that La.R.S. 23:1231 "legislates that the employee's dependent has a right of action upon the employee's death" and that, pursuant to La.R.S. 23:1251(1), Mrs. Bouy is presumed to be Mr. Bouy's dependent.

I would stop the analysis at that point and reverse the trial court judgment. The employer and its insurer may have other procedural vehicles wherein they can present their arguments concerning the terms of the settlement, but not through an exception of no right of action. In other words, the terms of the settlement may or may not ultimately defeat Mrs. Bouy's right to recover, but will not defeat her right to bring the action. By statute, she is the party having the interest in instituting the suit.