LOVE, J.,
Concurring.
U respectfully concur with the majority. I write separately to further distinguish the Louisiana Supreme Court cases discussed by the Third Circuit case, which granted a right of action for workers’ compensation death benefits to a widow whose husband’s compromise settlement contained the exact contractual language as Mr. White’s. The plaintiffs relied upon, Bouy v. Teche Electric Cooperative, Inc., 03-355 (La.App. 3 Cir. 11/26/03), 861 So.2d 712, which based its opinion on the analysis contained in Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741 and Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262. However, Broum and Walls discussed the derivative nature of the wrongful death action, pursuant to LSA-C.C. Art. 2315.2, and its relation to the workers’ compensation compromise settlement. Both Brown and Walls held that a wrongful death claim is not a derivative cause of action, but is separate and distinct. Brown, 630 So.2d at 751; Walls, 740 So.2d at 1274. Therefore, the plaintiffs’ reliance is misplaced. First, Bouy did not entitle the widow to workers’ compensation death benefits. The Third Circuit held that she possessed a cause of action, which is a right to pursue the death benefits. Bouy, 861 So.2d at 715. Second, the Louisiana Supreme Court cases relied upon in Bouy discussed wrongful death actions, not the workers’ compensation death benefits sought in the case sub judi-ce. Workers’ compensation death benefits are 1 ^considered derivative actions because of the characterization as continuing compensation from the original injury, as provided by Louisiana’s workers’ compensation laws.