CHEHARDY, Judge.
In Suit No. 8970 in the 29th Judicial District Court, Roger Wayne Smith, compromised his workmen’s compensation claim which was approved by the court on September 18, 1978. In December of 1978, Smith filed suit to annul this compromise, alleging only that the court did not discuss the proposed compromise with him as required by LSA-R.S. 23:1272.
The exception of no cause of action and motion for summary judgment filed by defendants-appellees was sustainéd and plaintiff’s demands were dismissed at his cost. The trial court in the instant case held that although the judge in Suit No. 8970 had not discussed the settlement and its terms with plaintiff as required by LSA-R.S. 23:1272, he had in his judgment approving settlement stated:
“The court considering the pleadings and annexed medical reports, having conferred with counsel for the Employee, and being of the opinion that there exists a bona fide dispute between the parties as set out in the pleadings, and that the proposed settlement is fair and equitable and should be approved.”
The trial judge in the case before us held that this recitation in the judgment approving Smith’s compromise settlement satisfied the requirement of LSA-R.S. 23:1272 and thereafter to successfully attack a compromised judgment the mandate of LSA-R.S. 23:1273 must be heeded: “* * * the said judgment shall not thereafter be set aside except for fraud or misrepresentation made or induced by the employer or his insurer.”
The issue before us is whether or not the judge’s failure to discuss the settlement and its terms with the employee before approving a judgment of compromise is grounds for nullity of such compromise where there are no allegations of fraud or misrepresentation by the employer or his insurer as required by LSA-R.S. 23:1273.
LSA-R.S. 23:1272, in discussing approval of compromise by a court, states in part:
“The agreement entered into between the employee or- his dependents and the employer or his insurer, shall be presented to the court for its approval upon a joint petition verified by all parties thereto. The judge to whom the petition is presented shall, in every ease, discuss the settlement and its terms with the employee or his dependents. * * *”
and LSA-R.S. 23:1273 provides:
“If the court believes the compromise agreed upon to be fair and equitable, and that it was entered into primarily to avoid or to end litigation, it shall approve the same, and immediately enter it as the judgment of the court, and the said judgment shall not thereafter be set aside except for fraud or misrepresentation made or induced by the employer or his insurer. The judge may, however, refuse to approve the settlement if he does not believe that it does substantial justice to the parties.”
*453 Under LSA-R.S. 23:1272, the judge must discuss the settlement with the employee before approving the judgment. However, if he does not, the approved compromise will not be disturbed absent the fraud or misrepresentation required by LSA-R.S. 23:1273. There are no doubt instances when the. failure of the court to discuss a settlement with an employee could result in a loss to the claimant. Had plaintiff alleged that if the judge had spoken to him he would not have made the settlement or had he alleged that the failure of the court to discuss a settlement resulted in a loss, plaintiff’s action to annul the compromise would have more merit. In that case failure to satisfy the admonition of LSA-R.S. 23:1272 would of itself have worked the harm to plaintiff that this section seeks to prevent.
However, that is not the situation confronting the court. We note that before approving the compromise complained of by plaintiff, the court discussed the matter with plaintiff’s attorney. Furthermore, plaintiff has not alleged or argued that fraud or misrepresentation required by LSA-R.S. 23:1273 if the judgment of compromise is to be set aside.
Under LSA-R.S. 23:1271, compensation settlements, such as the one before this court, are only authorized when a bona fide dispute exists between the employer and employee as to the “existence, nature, extent or duration of the injury or disability involved.” The facts establish that there was a bona fide dispute, that a joint petition for approval of this agreement was prepared, signed and verified by plaintiff and presented to the court for consideration. To sum up, the compromise agreement complained of satisfied the substantive requirement of LSA-R.S. 23:1271 and it cannot be set aside without a showing of fraud or misrepresentation on the part of the employer or its insurer. See Jenkins v. Pemberton, 87 So.2d 775 (La.App.2d Cir. 1956).
We agree with the trial court’s conclusion that while failure of the court to discuss the settlement with the employee might well afford a right to seek redress on the part of the employee, it does not override or take precedence over the specific restriction of LSA-R.S. 23:1273 that fraud or misrepresentation on the part of the employer or the insurer is essential if the judgment of compromise is to be set aside.
In view of our interpretation of LSA-R.S. 23:1272 and 23:1273, it is not necessary to discuss the issue of accord and satisfaction as an estoppel of plaintiff’s proceeding any further against the employer or his insurer.
For the reasons assigned herein the judgment appealed from is affirmed.

AFFIRMED.