392 So.2d 398 (1980)
Roger Wayne SMITH
v.
CAJUN INSULATION, INC. et al.
No. 80-C-1418.
Supreme Court of Louisiana.
December 15, 1980.
*399 J. Courtney Wilson, Metairie, for plaintiff-applicant.
Paul B. Deal, Darryl J. Foster, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendants-respondents.
BLANCHE, Justice.
Plaintiff, Roger Wayne Smith, sued his employer and its insurer for compensation benefits allegedly due as the result of a job related injury. On September 18, 1978, a compromise of that suit was approved by a judge of the 29th Judicial District Court and a judgment was rendered.
*400 On December 1, 1978, plaintiff, after retaining new counsel, filed this nullity action alleging that the compromise settlement judgment was confected without compliance with the statutory requirement that the trial judge personally discussed the proposed settlement with the employee. La. R.S. 23:1272. In response to the petition, defendants filed a peremptory exception of no cause of action and an alternative motion for summary judgment. Their contentions were that the only basis for attacking a judgment approving a compromise are fraud and misrepresentation, La.R.S. 23:1273, and that in the absence of pleaded facts indicative of these, they were entitled to judgment in their favor. Defendants then filed an "Exception of Estoppel", alleging that plaintiff was barred from recovery by the doctrine of accord and satisfaction. The trial court sustained the exception of no cause of action and granted a summary judgment in defendants' favor. In addition, the court ruled that the doctrine of accord and satisfaction was also applicable to defeat plaintiff's claim. The Fourth Circuit affirmed, 383 So.2d 451, as to the exception of no cause of action and declined to reach the estoppel claim. We granted writs to consider the correctness of these rulings.
The primary issue before us is whether or not an allegation of a judge's failure to discuss the settlement and its terms with an employee before approving a judgment of compromise states a cause of action for nullity. A further issue is whether or not the doctrine of accord and satisfaction is applicable to a workmen's compensation compromise settlement.
The procedure governing the approval of compromise settlement of disputed workmen's compensation claims is set forth in La. R.S. 23:1272, which states in part:
"The agreement entered into between the employee or his dependents and the employer or his insurer, shall be presented to the court for its approval upon a joint petition verified by all parties thereto. The judge to whom the petition is presented shall, in every case, discuss the settlement and its terms with the employee or his dependents. When the employee or his dependents are not represented by a lawyer ... the judge shall appoint one to advise them relative to the proposed compromise settlement. A reasonable fee for such services shall be fixed by the court and taxed as costs. The judge shall require such proof of the dispute between the parties and of the other facts set out in the joint petition as he thinks proper."
La.R.S. 23:1273, dealing with the rendition of the judgment of compromise, states:
"If the court believes the compromise agreed upon to be fair and equitable, and that it was entered into primarily to avoid or to end litigation, it shall approve the same, and immediately enter it as the judgment of the court, and the said judgment shall not thereafter be set aside except for fraud or misrepresentation made or induced by the employer or his insurer. The judge may, however, refuse to approve the settlement if he does not believe that it does substantial justice to the parties."
It is well established that statutes are to be construed in such a manner as to effectuate their purpose. J. M. Brown Construction Co., Inc. v. D & M Mechanical Contractors, Inc., 275 So.2d 401 (La.1973); Curatorship of Parks, 210 La. 63, 26 So.2d 289 (La.1946); Melancon v. Mizell, 216 La. 711, 44 So.2d 826 (La.1950); Breaux v. City of Lake Charles, 338 So.2d 1205 (3rd Cir. 1976). When a statute is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory. State v. Cazes, 262 La. 202, 263 So.2d 8 (La.1972); Hayes v. Orleans Parish School Board, 256 La. 677, 237 So.2d 681 (La.1970); Hall v. Rosteet, 247 La. 45, 169 So.2d 903 (La.1964). A particular statutory provision should be construed along with the remainder of the statute and in connection with all laws on the same subject matter. Melancon v. Mizell, supra. The word "shall" as found in a statute is mandatory while the word *401 "may" is permissive according to the express provisions of La.R.S. 1:3.
A reading of La.R.S. 23:1273 alone appears to indicate that a signed judgment approving a compromise settlement rendered under any circumstances can only be collaterally attacked if fraud or misrepresentation was present. However, this cannot be reconciled with the language of La. R.S. 23:1272 nor the first two classes of La.R.S. 23:1273. A reading of these provisions clearly indicates that the legislature intended to set mandatory guidelines for the approval of a compensation settlement. The parties to the agreement "shall" present a verified petition. The judge "shall, in every case", discuss the settlement terms with the employee. If the employee is not represented by counsel, the judge "shall" appoint an attorney to represent him. If the judge feels the settlement was fair and entered into primarily to avoid litigation, he "shall" approve it. That these provisions are commands is fortified by the legislature's use of the word "may" in La. R.S. 23:1273, wherein it allows the judge discretion to refuse to approve a settlement if he does not believe it will do justice to the parties. We regard the use of language so antonymous in interpretive effect in the same section indicates as a legislative cognizance of the difference between the two terms. Finally, with respect to the specific subsection in question here, the settlement discussion requirement, the legislature strengthened the word "shall" by further specifying that the requirement was to be applicable "in every case".
With this in mind, we conclude that the legislature contemplated that no judgment was to be signed unless all the procedural requirements were met and that a judgment obtained in compliance with those sections would be virtually unassailable. The commanding nature of La.R.S. 23:1272 also convinces us that the legislature did not intend that a compromise judgment rendered without compliance with that section could only be attacked when fraud or misrepresentation was present. Thus, an effectuation of the purpose of these two sections can only be accomplished by this Court holding that the portion of La.R.S. 23:1273 limiting attacks on compensation settlement judgments is only applicable to judgments signed in compliance with the procedural requirements of La.R.S. 23:1272. See Jasmin v. Gafney, Inc., 357 So.2d 539 (La.1978); Puchner v. Employers' Liability Assurance Corporation, 198 La. 921, 5 So.2d 288 (1941).
In the absence of a statutorily specified method of attacking a compromise settlement judgment for non-compliance with procedural mandates, plaintiff is entitled to rely upon the general procedural devices found in the Code of Civil Procedure, and he has chosen to pursue the nullity action.
Louisiana Code of Civil Procedure, art. 2004, provides that "A final judgment obtained by fraud or ill practices may be annulled." The action provided by this article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (La.1949); Schoen v. Burns, 321 So.2d 908 (La.App. 1st Cir. 1975); Alleman v. Guillot, 225 So.2d 607 (La.App. 1st Cir. 1969), writ ref. 254 La. 858, 227 So.2d 596. In discussing "ill practices" under the Code of Practice, art. 607, the predecessor of La.C.C.P. art. 2004,[1] this Court stated in Alonso v. Bowers, 22 La. 1093, 64 So.2d 443 (La.1953):
"Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article.

*402 The courts have looked at each case from a purely equitable viewpoint to ascertain whether allowing the judgment to stand would be inequitable or unconscionable in view of the practice or procedure which enabled the party to obtain such judgment."
This language has been clarified to mean that there need not necessarily be a showing of intentional fraud or wrongdoing for a plaintiff to prevail. Even innocent acts which deprive a party case in judgment of some legal right can form the basis of this nullity action. Leidig v. Leidig, 187 So.2d 201 (3d Cir. 1966); Collins v. Collins, 325 So.2d 773 (La.App. 2d Cir. 1976); Tapp v. Guaranty Finance Co., 158 So.2d 228 (La. App. 1st Cir. 1963), writ den. 160 So.2d 228 (La.1964).
Plaintiff's sole factual statement in support of his nullity claim is the following:
(1) As appears from the face of the judgment, it was read, rendered and signed, but was not discussed with the employee by the judge to whom the petition was presented in accordance with 23:1272.
The discussion requirement is a mandatory provision of La.R.S. 23:1272 and was enacted for the purpose of insuring that the trial judge would satisfy himself that the employee or his dependents know and understand the terms of the settlement. After complying with this procedure the court is in a better position to judge the fairness of the settlement, as required by La.R.S. 23:1273, and the employee's thoughts on that subject should carry great weight. Since we regard the settlement discussion as an essential requirement of the compromise settlement, we hold that plaintiff's petition alleging non-compliance with the settlement discussion requirement states a cause of action for nullity because of ill practices. Thus, the trial court erred in sustaining defendants' exception of no cause of action and in granting a summary judgment based upon that exception.
The defendant also argues that regardless of whether plaintiff had stated a cause of action, he should be estopped from asserting his claim because of the doctrine of accord and satisfaction.[2] The trial court agreed with this contention, apparently relying on testimony and exhibits not contained in the record lodged with this Court. Even assuming that there was evidence sufficient presented to support a finding of compromise under La.C.C. art. 3071, however, defendants' claim must fall.
The courts of this state have repeatedly stated that when two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general. State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978); Esteve v. Allstate Ins. Co., 351 So.2d 117 (La.1977); State v. Maduell, 326 So.2d 820 (La.1976); Teacher's Retirement System of La. v. Vial, 317 So.2d 179 (La.1975); Lambert v. Michel, 364 So.2d 248 (La.App. 3d Cir. 1978), writ den. 366 So.2d 917 (La.1979); Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La. App. 1st Cir. 1977); State ex rel. Jones v. Carradine, 125 So. 135 (Orl.App.1929). Here, the Workmen's Compensation Act creates a specific authorization for the compromising of disputed claims. La.R.S. 23:1271. It provides specific mandatory requirements for the confection of the compromise. La.R.S. 23:1272. It therefore creates an exception to other general statutory or jurisprudential rules of compromise and supersedes them in the area in which it is intended to operate. Thus, the doctrine of compromise and accord and satisfaction are inapplicable in the present situation. It *403 was error for the trial court to conclude otherwise.
For the reasons assigned, the judgment of the Fourth Circuit Court of Appeal is reversed and the case remanded to the trial court for further proceedings.
DIXON, C. J., dissents with reasons.
DENNIS, J., dissents for reasons assigned by DIXON, C. J.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
I find no support for holding that this judgment may be set aside in an action for nullity as a "fraud or ill practice." The majority suggests no inequity or unconscionable act suffered by plaintiff as a result of the failure of the trial judge to discuss the settlement with him, and such inequity, as pointed out by the majority, is an essential element of "fraud or ill practice." Furthermore, R.S. 23:1273 itself specifically prohibits setting aside a compromise judgment except for fraud or misrepresentation.
Plaintiff had an adequate remedy; he could have appealed the compromise judgment because of the failure of discussion. In the absence of even an allegation of inequity, we should not hold that the failure of the judge to discuss the settlement with the workman constitutes an "ill practice" giving rise to an action in nullity.
NOTES
[1] Code of Practice, art. 607, in force until the time of the adoption of the Code of Civil Procedure, provided in part:

"A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices..."
La.C.C.P. art. 2004 adopts the jurisprudence of this article as it relates to this provision. La.C. C.P. art. 2004, Comment (b).
[2] Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties. La.C.C.P. art. 865; Griffith v. Roy, 263 La. 712, 269 So.2d 217 (La.1972); Pence v. Ketchum, 326 So.2d 831 (La.1976), overruled on other grounds, Thrasher v. Leggett, 373 So.2d 494 (La.1979). Although estoppel is literally an affirmative defense, La.C.C.P. art. 1005, it is possible that proof of accord and satisfaction could meet the requirement of compromise under La. C.C. art. 3071 and qualify as a judgment having the authority of the thing adjudged, La.C.C. art. 3078, thereby sufficing as grounds for the peremptory plea of res judicata. Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3d Cir. 1967); Louisiana National Bank of Baton Rouge v. Heindel, 365 So.2d 37 (La.App. 4th Cir. 1978).