CURRAULT, Judge.
Plaintiff, Roger Wayne Smith, filed suit in the Twenty-Ninth Judicial District Court against defendants, Cajun Insulation Company and Employers National Insurance Company, for workmen’s compensation benefits as a result of an occupational injury sustained on July 15, 1977. This suit was later compromised for the sum of $11,235 and a settlement was obtained in September, 1978. This settlement was signed by the Honorable Thomas J. Malik.
In December, 1978, with new counsel, Smith again filed suit against the same defendants asserting the same cause of action but also seeking to set aside and nullify the September, 1978, settlement averring there was no judicial discussion between Smith and Judge Malik as required by R.S. 23:1272.
*125 In response to the nullity action, defendants filed a peremptory exception of no cause of action and an alternative motion for summary judgment, which were sustained by the trial court on May 15, 1979. Smith appealed to the Fourth Circuit Court.
On appeal, the Fourth Circuit Court affirmed the dismissal of the nullity action, holding in the absence of an allegation of fraud or misrepresentation on the part of the employer or insurer, the petition failed to state a cause of action. Smith v. Cajun Insulation Company, Inc., 383 So.2d 451 (La.App. 4th Cir.1980). The Supreme Court granted plaintiff’s writ application, and reversed the prior courts, holding that an allegation of lack of discussion did state a cause of action for nullity. Smith v. Cajun Insulation Company, Inc., 392 So.2d 398 (La.1980). The matter was remanded for trial on the merits.
Prior to the trial, plaintiff’s counsel made a motion for summary judgment based solely on the plaintiff’s affidavit and in opposition to this motion, defendants filed counter-affidavits. The trial judge promptly denied this motion and proceeded to trial on the nullity action. Judgment and accompanying reasons for judgment were rendered dismissing plaintiff’s suit stating he failed to prove his allegation of lack of judicial discussion. Plaintiff now appeals to this court.
On appeal, appellant asserts the following assignments of error:
(I) The trial court erred on the motion for summary judgment in finding that the counter-affidavit of the defendant created a genuine issue of material fact under R.S. 23:1272; that
(II) The trial court erred in limiting the issue at trial to whether a discussion was had without regard to its location, i.e., ferryboat or elsewhere; and that
(III) The trial court clearly erred in finding a judicial discussion whether at the ferryboat or elsewhere.
I.
Summary judgment procedure is designed principally to decide issues of law in cases where material facts are not in dispute. Unless the pleadings, depositions, affidavits, and like evidence clearly show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law, summary judgment is inappropriate and all doubts are resolved against the granting of such a motion as it is not a substitute for trial.' LSA-C.C.P. art. 966, Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Bertrand v. Howard Trucking Co., Inc., 406 So.2d 271 (La.App. 3d Cir.1981); Gamble v. Gamble, 391 So.2d 848 (La.App. 4th Cir.1980).
The trial judge was faced on the one hand with the affidavit of the plaintiff asserting no judicial discussion had ever taken place and on the other hand the defendant’s counter-affidavit averring judicial discussion had taken place. The trial judge concluded, “We have an affidavit and a counter-affidavit. One says white, one says black. That is a genuine issue of material fact. I can’t agree ... that we can settle this as a matter of law, not on a summary judgment.”
There is no error in the trial judge’s conclusion that a genuine issue of material fact existed.
II.
When our Supreme Court remanded this case to the trial court, it was their determination that judicial discussion was an essential requirement of the compromise settlement and held that plaintiff’s petition alleging non-compliance with the settlement discussion requirement did state a cause of action for nullity because of ill practices. Thus, when remanded, the primary issue before the trier of fact was whether a judicial discussion had taken place.
We find no error on the part of the trial judge employing his wide discretion in limiting his fact finding to the sole question of whether or not a judicial discussion took place since this was the primary issue on remand.
*126 III.
Finally, appellant asserts the trial judge erred in finding a judicial discussion ever occurred in view of the conflicting testimony of defendant’s witnesses and the conflict between the settlement chronology testimony and the dates on the documents themselves.
Here, we adopt the factual findings of the trial judge as contained in his reasons for judgment as our own. The trial judge concluded:
“Becnel, his attorney at the time of the settlement, testified that two or three offers of settlement were rejected; that Smith was in dire financial straits and that Smith and Smith’s wife instructed him to accept the final offer; that he received the settlement papers and check; that he called Smith and Smith’s wife to his office and had the necessary papers executed; that he and Smith were waiting for the ferry to reach the courthouse and they met Judge Malik; that he advised Judge Malik of the proposed settlement and that Judge Malik questioned the claimant Smith and then signed the judgment; that he was not certain whether Judge Malik signed the judgment on the ferry or took the papers to the courthouse; that Smith was in a hurry to have the check cashed so that they did not proceed to the courthouse but went to the bank and cashed the check; that they returned to his office where Mrs. Smith waited and there concluded the settlement.
Judge Malik was certain that he did not sign the judgment on the ferry landing. He was certain that he had signed the judgment and he was equally certain that he never signed a workman’s compensation settlement until he had discussed the settlement with the claimant and examined the record to satisfy himself that the settlement was just.”
We find no sharp conflict between these two witnesses as appellant suggests and are satisfied with the findings of the trial judge. We do not believe he was clearly wrong in finding a judicial discussion had taken place. Absent a showing that the trial judge was clearly wrong in so holding, we will not reverse. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In conclusion, we address appellant’s underlying argument that a judicial discussion not signed in open court and placed in the record is inadequate for purposes of R.S. 23:1272.
The trial judge determined there was a judicial discussion without considering the relevance of the location of such discussion. The appellant argues this is error in that the compromise procedure followed by Judge Malik was not in strict conformance with the requirements of the act. It is appellant’s position that extra-court (out-of-court) discussions are inadequate because there would be no record of the discussion. Appellant supports this position by citing the testimony of Judge Malik wherein he stated he did not convene court on the ferryboat where defendant’s witness testified such compromise occurred.
Appellant would have this court render null all such settlement agreements not signed in open court and placed in the record. We agree with our brothers of the First Circuit and cite with approval Olinde v. Arundel Corporation, 151 So. 439, 440 (La.App. 1st Cir.1933), wherein they stated:
“All that the law requires is that the court give its judicial sanction to the agreement and nowhere in the act is it indicated that that should be done in open court and clothed with the same formalities as are prescribed for ordinary judgments .... The moment this sanction is given by the court, the agreement at once assumes the force and effect of a judgment and may be enforced and satisfied as such.”
Accordingly, for the above stated reasons, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.