KLIEBERT, Judge.
This is a suspensive appeal brought by Ilka B. Smith and her insurer, American Progressive Insurance Company (Progressive), from a trial court judgment denying a preliminary injunction pending a hearing on a petition to annul a default judgment in the amount of $51,015.00 rendered on November 18, 1982 against Ilka B. Smith, Henderson Smith and Progressive, in soli-do. The Smiths and Progressive contend the default judgment was improvidently granted because it was not supported by competent evidence in that the record did not contain any returns of services or a policy of insurance to prove the insurance coverage and hearsay evidence was admitted to support the quantum award. After a hearing on the rule for a preliminary injunction, the trial judge annulled the suit against Henderson Smith for lack of service and denied the rule for the preliminary injunction. For the reasons which follow, we set the judgment aside and remand the case to the trial judge.
Two issues were raised on the appeal, (1) whether the preliminary injunction should have issued, and (2) whether the Smiths and Progressive were entitled to introduce evidence to support their contention the *697 default judgment was improvidently issued.
Although there was some discussion relative to converting the March 30, 1983 hearing to a hearing on the merits, it was ultimately agreed only the rule for a preliminary injunction would be heard. Hence, the appeal and our review is limited to the trial judge’s denial of the rule for a preliminary injunction. The annulment of the default judgment against Henderson Smith is not before us.
To prevail at a hearing for a preliminary injunction under LSA-C.C.P. art. 3601, the moving party must show that the injury, loss or damage he will suffer may be irreparable if the court fails to issue the injunction. Further, to be entitled to the relief sought, he must make a preliminary showing that he will prevail on the merits of the case. Lamb v. Quality Inspection Services, Inc., 398 So.2d 643 (3rd. Cir.1981) and the cases cited therein.
During the course of arguments in the hearing, it became apparent counsel’s effort and intention was to show the default judgment was a nullity by introducing in evidence the entire record supporting the default judgment and then introducing testimony and point to (1) the lack of actual service on Henderson Smith, (2) the absence of the return of services on the Secretary of State, (3) the absence of evidence showing the existence and/or provisions of an insurance policy, and (4) the use of hearsay evidence to support the amount of damages. Although the record clearly shows counsel for the appellants offered to introduce evidence, the transcript does not contain a specific ruling by the trial judge denying the counsel’s offer to introduce evidence. It appears the trial judge believed the taking of evidence was unnecessary because, if proven, counsel’s contentions would not, as a matter of law, constitute ill practice' within the meaning of LSA-C.C.P. art. 2004. Neither the record in which the default judgment was rendered nor the nature of the testimony of the prospective witness was introduced or proffered in evidence in the record before us. We cannot and do not consider the portions of the record of the case which are attached to the appellant’s brief.
In Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (1983), the Supreme Court said any judgment obtained by fraud or ill practice may under the provisions of LSA-C. C.P. art. 2004 be annulled and further set out two criteria to determine whether a judgment has been obtained by actionable fraud or ill practice: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigants who seek relief, and (2) when the enforcement of the judgment would be unconscienable and inequitable. The court also cited Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980), and Johnson v. Jones-Journet, 320 So.2d 533 (La.1975), as cases leading to the formulation of the criteria. Then, in applying the criteria, said at page 1070 “the article [LSA-C.C.P. art. 2004] is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal rights, and where the enforcement of the judgment would be unconscionable and equitable.” (citations omitted).
In Smith v. Cajun Insulation, Inc., supra, however, the Supreme Court concluded that although a final judgment can, under LSA-C.C.P. art. 2004, be annulled for a fraud or ill practice, the article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather is a separate remedy designed to afford relief against the judgment procured by methods viewed with disdain by the judiciary.
In the Kem-Search case, two of the justices concurred in the results of the case, but believed the annullment should have been predicated on the grounds the default judgment was invalid because there was inadequate proof the defendant, David A. *698 Sheffield, was doing business as J-L Petroleum Services. Consequently, the requisite of LSA-C.C.P. art. 1702, i.e., “proof of the demand sufficient to establish a prima facie case” was lacking and constituted an ill practice sufficient under LSA-C.C.P. art. 2004 to require annullment of the judgment. The First Circuit in Temple v. Jackson, 376 So.2d 972 (1st Cir.1979), a case which preceded the Supreme Court decisions discussed above, held (1) the failure to enter into evidence adequate testimony or documents to prove items of damages at a confirmation hearing, and (2) misrepresentations of material facts, i.e., the ability to perform on an agreement to purchase, were ill practices within the meaning of LSA-C.C.P. art. 2004.
Here, Smith and Progressive have raised in arguments questions as to the services on defendants and potential misrepresentations as to the insurance coverage which, if proven, may under the jurisprudence above discussed, meet the criteria set by the Supreme Court in the Kem-Search case for an annullment. Although we are not here concerned with the merits of the case, our function nevertheless is to apply the precepts of the law as initiated by the Supreme Court to determine whether Smith and Progressive have made a pri-ma facie case which would entitle them to the relief prayed for. We are unable to perform that function because the facts upon which the precepts of the law are to be applied are not in the record before us.
Accordingly, the judgment denying the rule for a preliminary injunction is hereby set aside and the case remanded to the trial judge to hold an evidentiary hearing on the rule for a preliminary injunction.
SET ASIDE AND REMANDED.