liBYRNES, Judge.
Linda J. Reeves appeals a judgment of the Office of Worker’s Compensation sustaining an exception of res judicata urged by her employer, State of Louisiana through the *1113 Department of Public Safety and Corrections, New Orleans Probation and Parole (State). We remand for three basic reasons:
1. It is against public policy to permit the injured employee to waive the requirements of LSA-R.S. 23:1271A(3).
2. Fraud and misrepresentation are not the only grounds upon which an approved settlement may be overturned. Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980).
3. Where compliance with the requirements of LSA-R.S. 23:1271 et seq. are not apparent from the face of the settlement documents, the burden is on the State as the party urging the exception of res judi-cata based on a compensation settlement to show that it meets statutory requirements, including LSA-R.S. 23:1271A(3) where applicable.
On July 20, 1993, Ms. Reeves sustained an on the job injury. The State paid her temporary total disability benefits for four weeks, after which she returned to her job as a word processor operator.
In March, 1994, Ms. Reeves filed a report of occupational injury alleging aggravation of the July, 1993, injury and the onset of carpal tunnel syndrome. Shortly thereafter, she filed suit for benefits related to those maladies.
In February, 1995, Ms. Reeves settled her claims against the State for $11,000.00 plus outstanding medical expenses. The settlement was approved in an order signed by hearing officer Gwendolyn F. Thompson. Nine months later, |2Ms. Reeves initiated a pro se claim with the Office of Worker’s Compensation seeking to overturn the settlement and reinstate compensation benefits. Ms. Reeves alleged fraud, misrepresentation, that the settlement was not in her best interest, and that six months had not passed since the end of temporary total disability.
The State countered with exceptions of no cause of action and res judicata, interposing the February, 1995, settlement as a bar to Ms. Reeves demands.
The hearing officer granted the exception of res judicata, recognizing the validity of the February, 1995, settlement and finding that Ms. Reeves was represented by competent counsel at the time of the settlement. Further, the hearing officer concluded that Ms. Reeves failed to prove either fraud or misrepresentation as required by LSA-R.S. 23:1272(B). This appeal followed.
A valid compromise can form the basis of a plea of res judicata. Brown v. Drillers, Inc., 93-1019 (La.1/14/94); 630 So.2d 741. Louisiana law allows, but does not favor, the compromise or settlement of worker’s compensation claims. The relevant statute is LSA-R.S. 23:1271, which states in pertinent part:
A. It is stated policy for the administration of the worker’s compensation system of this state that it is in the best interest of the injured worker to receive benefit payments on a periodic basis. A lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer, his insurer, or both from liability under this Chapter shall be allowed only: [Emphasis added.]
(1) upon agreement between the parties, including the insurer’s duty to obtain the employer’s consent;
(2) when it can be demonstrated that a lump sum payment is clearly in the best interests of the parties; and
|3(3) upon the expiration of six months after termination of temporary total disability.[1] [Emphasis added.]
LSA-R.S. 23:1271A(3) emphasized above is the crux of this case.
The settlement consists of the following documents:
1. Joint Petition To Compromise A Worker’s Compensation Claim
2. Affidavit [of plaintiff, Linda J. Reeves]
3. Affidavit [of L. Adrienne Dupont, counsel for Reeves’ employer]
4. Joint Motion and Order to Dismiss
5. Judgment
6. Waiver [of Linda J. Reeves]
*1114 The “Waiver” signed by plaintiff, Linda J. Reeves, in connection with the settlement provides in pertinent part:
5.
That pursuant to the aforementioned compromise settlement agreement, she has read the entire text of R.S. 23:1271, specifically noting Subpart A(3).
6.
That affiant fully understands the meaning and text of R.S. 23:1271, specifically noting Subpart A(3), which deals with waiting until the expiration of six months after termination of temporary total disability, and has had same explained by her attorney.
7.
That she knowingly, intelligently and voluntarily waives her rights to R.S. 23:1271 Subpart A(3) in waiting until the expiration of six months after termination of temporary total disability.
^Paragraph 13 of the “Joint Petition To Compromise A Worker’s Compensation Claim” states:
Claimant is aware of the provisions of La. R.S. 23:1271 A(3) which provides for a six month waiting period after temporary total disability ceases before a compromise settlement is allowed. Whether said provision applies herein or not, claimant hereby waives the six month waiting period provisions.
There is no allegation in the settlement documents that the six month period had in fact elapsed. We note that the State never says on appeal that the six month period had elapsed, only that the plaintiff failed to prove that it had not.
The judgment below maintaining the State’s exception of res judicata makes no mention of the waiver of the six month period, finding only that:
[T]he Compromise Settlement of February 7, 1995 is valid; that claimant, at the time of settlement, was represented by eompe-tent counsel, and has proven neither fraud nor misrepresentation, required under LA R.S. 23:1272 B. See Nelams vs. Allen’s TV Cable, et al. 664 So.2d 563 (La.App. 3rd Cir.1995)
Based upon our review of the entire record and the Nelams case we can only conclude that the trial court wrongly determined that the only material issues to be decided in determining the validity of the settlement were those of fraud and misrepresentation. In Nelams, 95-444 p. 5 (La.App. 3 Cir. 11/2/95); 664 So.2d 563, 566 the court stated that:
In the absence of fraud or misrepresentation, Nelams’ mistaken belief or assumption that all medical bills had been paid is not sufficient grounds for modifying a worker’s compensation compromise that has been approved by a hearing officer. [Emphasis added.]
Nelams never states that fraud and misrepresentation are the only two bases for attacking a worker’s compensation compromise. Nelams also states in | slanguage that undoubtedly inspired the language previously quoted from the judgment in the instant case that, “The fact that Nelams was represented by competent counsel weighs heavily in this conclusion.”
The requirements for approval[2] of a compromise settlement of a worker’s compensation claim by the “director” are set out in subsections “A” and “B” of LSA-R.S. 23:1272:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the hearing officer for approval through a petition signed by all parties and verified by the employee or his dependent. The hearing officer shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.
B. If the hearing officer finds the settlement agreement to be fair, equitable, and *1115 consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties.[3] [Emphasis added.]
The State would have us read LSA-R.S. 23:1272 to the exclusion of LSA-R.S. 23:1271, i.e., a worker’s compensation compromise may only be set aside for fraud or misrepresentation even were the record to show clearly that the requirements of LSA-R.S. 23:1271A(3) had not been met. The record supports Ifithe finding of the hearing officer that the settlement was not tainted by either fraud or misrepresentation. But the Louisiana Supreme Court has already held that the language in the statutes limiting attacks to fraud and misrepresentation cannot be read literally:
A reading of La.R.S. 23:1273 alone appears to indicate that a signed judgment approving a compromise settlement rendered under nay circumstances can only be collaterally attacked if fraud or misrepresentation was present. However, this cannot be reconciled with the language of La.R.S. 23:1272 nor the first two classes of La.R.S. 23:1273. A reading of these provisions clearly indicates that the legislature intended to set mandatory guidelines for the approval of a compensation settlement.
* * * ⅜ ⅝ *
The commanding nature of La.R.S. 23:1272 also convinces us that the legislature did not intend that a compromise judgment rendered without compliance with that section could only be attacked when fraud or misrepresentation was present. Thus, an effectuation of the purpose of these two sections can only be accomplished by this court that the portion of La.R.S. 23:1273 limiting attacks on compensation settlement judgments is only applicable to judgments signed in compliance with the procedural requirements of La. R.S. 23:1272. [Emphasis added.]
Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980).[4]
*1116 ^Consistent with Smith, we hold that the provisions in LSA-R.S. 23:1272 and R.S. 23:1273 “limiting attacks on compensation settlement judgments” to those instances where fraud or misrepresentation is present are not applicable where there is a failure to comply with LSA-R.S. 23:1271A(3). We note that 23:1271A(3) is a mandate directing that settlements “shall be allowed only ... (3) upon the expiration of six months after termination of temporary total disability.” [Emphasis added.] Cf. Smith, 392 So.2d at 401 where the court found that in using the term “shall” in connection with the requirements for a'compensation séttlement the legislature intended to mandate that the applicable standards be met Isbeyond the basic requirement that the settlement be free from fraud and misrepresentation. To do otherwise would render the mandate of LSA-R.S. 23:1271A(3) nugatory which the legislature clearly did not intend.
As a matter of public policy, none of the requirements of LSA-R.S. 23:1271 et seq. are waivable. LSA-R.S. 23:1271 et seq. define a worker’s compensation settlement. LSA-R.S. 23:1271 makes it clear that lump sum settlements of the type entered into by Ms. Reeves are not favored under the law and will only be maintained when confected in strict conformity with the statutory standards. If the elements called for in those statutes are not present as required then it is not a valid worker’s compensation settlement. If the requirements were waivable there would be no need for these statutes to impose such strict requirements as the parties could simply compromise worker’s compensation claims under the general codal provisions for settlement and compromise, LSA-C.C. art. 3071-3083, and there would be no reason for the policy statement in LSA-R.S. 23:1271 disfavoring such settlements as generally not in the best interests of the injured workers.
In the instant case the “expiration of six months after termination of temporary total disability” is one of the essential elements to a settlement of Reeves’ workers’ compensation claim.[5] The settlement documents in the instant case on their face provide only for the waiver of that six month period and we have found any such waiver to be contra bonos mores. There is no intention expressed in the settlement documents that a dispute exists concerning this issue Ror that the parties wished to resolve any such dispute by way of settlement or compromise.
Therefore, as the settlement on its face shows that the six month period was the subject of an impermissible waiver, the State in connection with its exception of res judica-ta has the burden to prove either that the six month period either had expired at the time of the settlement or that the six month period is for some reason inapplicable to the particular facts of this case.
As the record indicates that the question of whether the six month period required by LSA-R.S. 23:1271A(3) had elapsed was never properly addressed by the hearing officer below, we, therefore, remand this matter for the sole purpose of making such a determination. If, on remand it is determined that the six months had not expired, then the settlement must be nullified.

REMANDED.

LOBRANO, J., concurs.
PLOTKIN, J., dissents.

. It is significant that LSA-R.S. 23:1271A(3) refers to the “termination of temporary total disability” and not to the "termination of temporary total disability benefits.”

. LSA-R.S. 23:1272 sets forth the requirements for the "approval” process for a compensation settlement. This is not the same as saying that it contains all of the requisites for a compensation settlement such as those contained in LSA-R.S. 23:1271A(3). The approval process and the requisites for a compensation settlement are not identical.

. The mandate of LSA-R.S. 23:1272 that any settlement must be submitted by joint petition of the parties to the hearing officer for approval is also codified at § 2169 of the Hearing Rules for the Office of Worker's Compensation.

. Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980) was decided prior to the time that LSA-R.S. 23:1272 and 23:1273 were amended to provide for approval by a "hearing officer”. Former 23:1272 provided for settlement approval by the "director” and 23:1273 which was virtually identical to 23:1272 with the exception that it provided for settlement approval by the district court where the "director” refused approval. Both were subsumed into current 23:1272 which replaces both the "director” under former 23:1272 and the district court under former 23:1273 with the "hearing officer” as the proper approving authority. With the exception of replacing the "director” and the district court with the "hearing officer” as the designated approving authority, the substance of the former 23:1272 and 23:1273 remain virtually unchanged by the current 23:1272 and the reasoning of Smith still controls. The similarity of language and substance may be seen by reference to former 23:1272 which may be compared to the language of current 23:1272 subsections A and B quoted earlier in this opinion:
A. A compromise settlement agreement entered into by the parties under R.S. 23:1271 shall be presented to the director for approval Arough a petition signed by all parties and verified by Ae employee or his dependent. The director shall determine whether Ae employee or his dependent understand Ae terms and conditions of the proposed settlement and may require a hearing for such purpose. All parties may attend the hearing and present testimony. The director shall provide reasonable notice of the time, date, and place of the hearing to all parties and inform Aem of their right to appear and to present testimony.
B. If the director finds Ae compromise settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not Aereafter be set aside or modified except by order of a district court of proper venue, as provided in R.S. 23:1273(A), for fraud or misrepresentation made or induced by the employer or his insurer. The director may refuse to approve a compromise settlement if he finds that it does not provide substantial justice to the parties.
Former 23:1273 was virtually identical to former 23:1272 with the exception that it provided for approval of Ae compromise settlement by the district court where "Ae director refuses to approve a compromise settlement agreement pursuant to R.S. 23:1272 ...” Therefore, neiAer former 23:1272 nor former 23:1273 differ from current 23:1272 subsections A and B in any material respect relevant to Ae instant case.

. Whether the parties may dispose of by way of settlement and compromise the issue of whether the six month period provided by LSA-R.S. 23:1271A(3) has truly elapsed when that question is disputed is not before this Court at this time.