Dear Mr. LaGrange:
Your questions are:
 1. Considering the contract submitted for review, does the Executive Director of the Port of South Louisiana have the authority to extend the current term of employment of an unclassified employee beyond the current termination date, at a salary of $87,000 on a salary which exceeds 75% of that salary received by the Executive Director of the Commission?
 2. Does the Executive Director of the Port Commission have authority to enter into an amendment to the existing contract or a new contract with the approval of the Commission, which provides for a salary which is greater than seventy-five per cent of his salary and for a term which is two or more years?
Your attention is directed to R.S. 34:2471 et seq., which comprises the general law relating to the South Louisiana Port Commission. Therein, the Commission was created by the legislature as expressed in R.S. 34:2471 and empowered to enact regulations and issue permits authorizing the erection of maintenance of buildings and improvements on the river pursuant to R.S. 34:2473.1(B) and (C).
A general grant of authority concerning the execution of contracts is awarded the Commission and its Executive Director via R.S. 34:2473.1(D), providing:
 D. The commission through its executive director is hereby authorized and empowered to provide fire and police protection, light, water, and other services for the port area and may purchase equipment and employ officers, agents, and other personnel necessary and useful in the performance of his duties and the providing of such services or, upon such terms and conditions as he agrees to, may contract for the providing of such services by private persons, companies, and corporations or utilize the services of local, state, or federal governmental agencies and departments.
However, specific and mandatory language of R.S. 34:2473(B)(3) places salary and term limits upon the contracts contemplated by R.S. 34:24731(D) in the following manner:
 (3) The executive director shall employ such officers, agents, and employees as he finds necessary in the performance of his duties and may prescribe the duties, powers, and compensation of such officers, agents and employees. The executive director may execute work contracts with the unclassified employees of the commission at a salary which does not exceed seventy-five percent of the salary paid the executive director for a period of not more than two years. The executive director shall contract for legal, financial, engineering, and other professional services necessary or expedient in the conduct of the port's affairs. All contracts for professional services shall not be binding or effective until approved by the commission in a public meeting by a record vote of the majority of its membership. In addition, all contracts for professional services exceeding seventy-five thousand dollars shall be subject to the provisions of R.S. 39:1503 and 1504 governing requests for proposals and cancellation thereof. He may, upon terms and conditions mutually agreeable, utilize the services of the executive departments of the state. (Emphasis added).
Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law. La-Civil Code Art. 1983. Where a conflict exists between a general and a specific provision of law, the more specific provision must prevail. See Smith v. CajunInstallation, Inc., 392 So.2d 398 (La. 1980). Hence, the general grant of authority authorizing the Executive Director to execute employment contracts must be subordinate to the specific law imposing the salary and term limits as provided in R.S.34:2473(B)(3).
In response to your first question, we conclude that the term of employment defined by contract must not exceed the two year limit that is imposed by statute. Nothing prohibits the executive director from renegotiating yet another contract of employment, limited again to a two year term, with the same unclassified employee. The salary of this employee may not exceed seventy-five percent of that salary paid the Executive Director of the Commission.
The foregoing conclusion is applicable only to the hiring of an unclassified employee. Contracts for professional services are a separate category governed by the later part of R.S. 34:2473(B); these contracts must be approved by the commission, and further must be publicly bid if the salary portion exceeds seventy-five thousand dollars. Your opinion request reflects that the contract under scrutiny is one of employment and does not fall within this arena.
Our response to your second inquiry is tangential to the first question. In short, the Executive Director has the authority to enter into all contracts which are legal; however, a contract which is violative of state law remains unenforceable, despite the fact that the Executive Director is authorized to hire unclassified employees and execute a binding contract with these employees without Commission approval. Nonetheless, he may discharge this statutory duty only in a manner in conformity with statute.
Note finally that the employing authority is vested in the Executive Director, not the Commission, and therefore the Commission may not employ or authorize the Executive Director to employ anyone for a term in excess of the statutory limits of 75% of the Executive Director's salary or the two year time period.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
Date Received: Date Released: January 15, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL