PER CURIAM.
| denied. The district court did not err in summarily denying relator’s motion for new trial. Relator is not entitled to a new trial because her motion is time-barred. <See La.C.Cr.P. art. 853(B). Therefore, this Court has construed relator’s motion as an application for post-conviction relief pursuant to La.C.Cr.P. art. 924, et seq. Cf. Smith v. Cajun Insulation, 392 So.2d 398, 402 n. 2 (La.1980) (“Courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties.”). The interests of justice do not require consideration of relator’s insufficient evidence and diminished capacity' claims, which were rejected on direct review. See La.C.Cr.P. art. 930.4(A). Relator’s sentencing-related claim is not cognizable on collateral review. See La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. Relator has failed to carry her burden of proof on the remaining claims. See La.C.Cr.P. art. 930.2.
Relator has now filed and fully litigated her application for post-conviction relief in the state courts. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 |2and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless she can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted her right to state collateral review.