PER CURIAM.
I,Denied. Relator is not entitled to file a motion to quash, see La.C.Cr.P. art. 531, et seq., and therefore, his filing is properly construed as an application for post-conviction relief. Cf. Smith v. Cajun Insulation, 392 So.2d 398, 402 n. 2 (La.1980) (“courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice”). As such, it is subject to the time limitation set forth in La.C.Cr.P. art. 930.8, and is untimely. See also State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator’s claim is repetitive pursuant to La.C.Cr.P. art. 930.4.
Relator has now filed and fully litigated his application for post-conviction relief in the state courts. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with | ^La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.