ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS
PER CURIAM:
LDenied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930,8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. Moreover, though he styled it as a supplement to his initial timely-filed application for post-conviction relief, because relator did not file the pleading at issue until after the district court had ruled upon his first application, relator shows no error in the district court’s dismissal. See State ex rel. Duhon v. Whitley, 92-1740 (La. 9/2/94), 642 So.2d 1273 (district court retains discretion to allow petitioner to supplement or amend claims before it has issued a ruling on them); cf. Smith v. Cajun Insulation, 392 So.2d 398, 402 n.2 (La. 1980) (“courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice”).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations | .¿period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has ex *356 hausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per cu-riam.