ON SUPERVISORY WRITS TO THE THIRTY-SEVENTH JUDICIAL DISTRICT COURT, PARISH OF CALDWELL
PER CURIAM:
| denied. Relator’s pleading is not a bona fide motion for new trial, despite its caption, because it was filed untimely in the district court. See La.C.Cr.P. art. 851(B)(1) and (5); La.C.Cr.P. art. 853; see also Smith v. Cajun Insulation, 392 So.2d 398, 402 n.2 (La. 1980) (“courts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice”). Rather, the pleading, in which he complains about the state’s evidence and an alleged conflict of interest, is properly construed as an application for post-conviction relief. See La.C.Cr.P. art. 924(1) (“An ‘application for post conviction relief means a petition filed by a person in *1054 custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside.”). Relator fails to carry his burden of proving any entitlement to post-conviction relief. See La.C.Cr.P. arts. 930.2; La. C.Cr.P. art. 930.3.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within b.the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.