CRAIN, J.,
concurs.
|,I agree the trial court abused its discretion in excluding the affidavit of plaintiffs’ expert, and the judgment granting summary judgment in favor of the defendant should be vacated. However, I arrive at those conclusions for different reasons and do not subscribe to the majority’s analysis.
The summary judgment procedure specifically requires that expert affidavits “affirmatively show that the affiant is competent to testify to the matters stated therein.” La. Code Civ. Pro. art. 967A.“ The summary judgment procedure further specifies that “[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made,” and provides that objections to any documents “shall be raised in a timely filed opposition or reply memorandum.” La. Code Civ. Pro. art. 966D(2). Nothing in either Independent Fire or the current version of Article 966 prohibits an objection to the admissibility of an affidavit based upon the competence of an alleged expert from being asserted in a reply memorandum. Rather, well-settled princi-pies of statutory construction and the reading of these provisions in pan mate-ria require the conclusion that a party’s objection to an affidavit on the basis that the affiant is not competent to testify to the matters stated therein must be raised in a timely filed opposition or reply memorandum.
| {.Incorporated in Lighthouse’s reply memorandum is the heading “Motion To Strike Plaintiff’s Exhibit A.” The memorandum concludes by asking that the affidavit, report, and CV of the alleged expert be “stricken” from the record and not considered by the court. The characterization of a pleading by the litigant is not controlling and the duty of the courts is to look through a pleading’s caption to ascertain its substance and do substantial justice to the parties. See Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 n.2 (La. 1980); Greene v. Succession of Alvarado, 15-1960 (La. App. 1 Cir. 12/27/16), 210 So.3d 321, 339. When the reply memorandum is considered in light of the applicable summary judgment procedure, it is clear that in substance, Lighthouse was objecting to the affidavit of Dowdy, arguing that the affidavit failed to establish Dowdy’s competence to testify to the matters stated therein. Proeedurally, this was a proper objection and was raised through the only means by which a party may object to the trial court’s consideration of an expert’s affidavit on a motion for summary judgment.[1] See La. Code Civ. Pro. art. 966D(2).
Lighthouse did not request, and the summary judgment procedure does not require, a Daubert hearing pursuant to Louisiana Code of Civil Procedure article 1425 *325 to determine the admissibility of the expert’s opinion contained in the affidavit filed in connection with the motion for summary judgment. Lighthouse’s objection merely required the plaintiff to persuade the trial court that the affidavit established Dowdy was competent to testify to the matters stated in his affidavit. Article 966D(2) required the trial court to consider the objection prior to rendering judgment. The objection so raised was properly argued by counsel and considered by the trial court at the hearing on the motion for summary judgment. The trial ^court’s duty was then limited to determining whether a prima facia showing of competency was made so as to allow consideration of the affidavit on the motion for summary judgment. The purpose of the procedure set forth in Article 1425 is to actually determine whether the alleged expert will be allowed to testify as an expert at trial. The objection to the expert affidavit in the context of the summary judgment neither required nor allowed the trial court to make that determination.
In addition to the objection being properly made, I find the reply memorandum was timely filed. Louisiana Code of Civil Procedure article 966(B)(3) requires a reply memorandum be filed “not less than five days prior to the hearing on the motion.” Louisiana Code of Civil Procedure article 966(B)(4) then provides, in relevant part, that when “the deadline for filing and serving a ... reply memorandum falls on a legal holiday, [it] is timely if it is filed and received no later than the next day that is not a legal holiday.” The hearing on the motion for summary judgment was set for June 23, 2016. “[F]ive days prior to the hearing” was Saturday, June 18, 2016, a legal holiday; therefore, the express language of Article 966(B)(4) required the reply memorandum be filed “no later than the next day that is not a legal holiday,” which was Monday, June 20, 2016. The defendant’s reply memorandum filed that day was timely.[2]
Based upon my review, the expert’s affidavit sufficiently establishes his competency to render the opinions contained therein. The trial court therefore abused its discretion in excluding the affidavit. After de novo review of the evidence submitted, including the expert’s affidavit, I find that genuine issues of material fact exist and that the trial court erred in granting summary judgment.

. Even if the procedure used by Lighthouse to object to the expert's affidavit was considered a prohibited "motion to strike," that procedural objection was waived. See Shepherd v. Schedler, 15-1750 (La. 1/27/16), 209 So.3d 752, 777 (on rehearing). I do not believe the general objection lodged by plaintiff after the trial court ruled striking the affidavit constitutes a timely objection to the procedure.

. By expressly addressing in Article 966(B)(4) the circumstance where the filing deadline "falls on a legal holiday,” the legislature necessarily excluded the application of the more general rule of Louisiana Code of Civil Procedure Article 5059, which requires that legal holidays not be counted if the delay provided for is less than seven days. Because legal holidays are not counted under Article 5059, its application to Article 966B would prohibit the filing deadline from ever falling on a legal holiday—the very scenario that Article 966B(4) expressly addresses.