PER CURIAM:
Denied. Despite the caption of his pleading in the district court, to the extent that relator disputes the terms of the plea agreement and thereby contests the validity of the resulting convictions and sentences, he has presented an application for post-conviction relief. See Smith v. Cajun Insulation , 392 So.2d 398, 402 n.2 (La. 1980) ("[C]ourts should look through the caption of pleadings in order to ascertain their substance and to do substantial justice."). Relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2. In addition, his sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3 ; State ex rel. Melinie v. State , 93-1380 (La. 1/12/96), 665 So.2d 1172.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator *262 has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.