| STATE OF LOUISIANA | * | NO. 2024-K-0285 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| ERIC MATTHEWS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

PAB

**BROWN, J., CONCURS IN PART, DISSENTS IN PART AND ASSIGNS REASONS**

I respectfully concur in part and dissent in part from the majority's opinion. I agree with the majority that the State waived procedural objections to timeliness of the Defendant's post-conviction relief ("PCR") application filed on March 14, 2023. However, I disagree with the majority that the March waiver did not prospectively waive the timeliness and procedural bars related to Defendant's *Unopposed Motion to Supplement Eric Matthews' Application for Post-Conviction Relief* filed on November 29, 2023. The majority refers to the November 29, 2023 pleading as a new PCR application, but it is clear both in its caption and its content that the motion is intended as a supplement to the March 14, 2023 PCR. The motion itself unequivocally states that it is adding new claims to the March PCR—and the State chose not to oppose. Therefore, I find that the November motion to supplement relates back to the March PCR application. Further, I find that Defendant was not limited in simply supplementing the initial claims made in the March PCR application because it is within the discretion of the district court to determine whether a PCR may be supplemented *or* amended. *See State ex rel. Duhon v. Whitley*, 642 So.2d 1273 (La. 1994); *see also State ex rel. Ronald Sims v. State*, 16-0540 (La. 8/4/17), 224 So.3d 355 (wherein the court found that when

considering a post-conviction relief application, the "district court retains discretion to allow petitioner to supplement or amend claims before it has issued a ruling on them").