# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1609

**PATRICIA K. MCNEELY**

**VERSUS**

**SAFE HAVEN ENTERPRISES, INC.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-736-04
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**APPEAL DISMISSED.**

**Saunders, J., dissents and assigns written reasons.**

**Stanley Stephen Spring  II**
**Spring, Spring & Associates**
**8939 Jefferson Hwy., #E**
**Baton Rouge, LA 70809**
**(225) 932-9671**
**Counsel for Defendant-Appellant:**
**Safe Haven Enterprises, Inc.**
**John and Alta Baker**

**Milo Addison Nickel, Jr.**
**The Nickel Law Firm, LLC**
**930 Lakeshore Drive**
**Lake Charles, LA 70601**
**(337) 433-8278**
**Counsel for Defendant-Appellee:**
**MB Industries, LLC**

**Patricia K. McNeely**
**In Proper Person**
**356 Pelican Road**
**Morse, LA 70559**

**Pickett, Judge.**

The defendant, Safe Haven Enterprises, Inc., (Safe Haven) appeals an order of the trial court holding John and Alta Baker in contempt of court for failing to attend a deposition.

## STATEMENT OF THE CASE

Patricia McNeely filed suit against Safe Haven on October 25, 2004. On April 18, 2005, Safe Haven filed a reconventional demand against McNeely, and named several other parties as defendants-in-reconvention. This appeal arises from the discovery phase of the litigation.

On June 8, 2005, M. B. Industries, LLC, (MBI) one of the defendants named by Safe Haven, filed a Notice of Deposition of John and Anita [sic] Baker, with the depositions scheduled for June 10, 2005. The Bakers are the principals of Safe Haven Enterprises, Inc, a Louisiana corporation. The notice was served on the Bakers' attorney, who at all times also represented Safe Haven, by a private process server on June 9, 2005. The Bakers were in Florida, and filed a Motion to Quash the depositions, which the trial court denied. The attorney for the Bakers made the opposing attorneys aware that his clients would not appear. Nevertheless, the attorneys who scheduled the depositions did appear at the appointed place at the appointed time and conducted a proces verbal.

McNeely and MBI filed Motions for Contempt. After a hearing on July 26, 2005, the trial court found both John and Alta Baker in contempt of court and fined them each $250.00. He signed an order to that effect on July 29, 2005. Safe Haven sought a rehearing, which the trial court denied. Safe Haven then filed the instant appeal.

In response to the appeal, MBI has filed a motion to dismiss the appeal. They argue that the issues in this appeal have been reviewed by this court in applications for supervisory writs and that Safe Haven lacks standing to appeal the order finding John and Alta Baker in contempt. Their motion was referred to the merits. The Bakers filed a Motion to File a Supplemental Brief, arguing that the appeal of the orders requiring them to pay attorneys fees should be heard in this appeal. That, too, was referred to the merits.

## MOTION TO DISMISS THE APPEAL

The Notice of Deposition which was the impetus of this appeal was directed to John and Alta Baker. The trial court held the Bakers in contempt of court at a hearing held June 26, 2005. The trial court signed an order holding the Bakers in contempt on July 29, 2005. The Bakers paid the fine imposed by the court. T h e appeal of the contempt citation was filed by Safe Haven, and Safe Haven was granted a devolutive appeal. The original brief to this court was filed by Safe Haven. Safe Haven, which as a corporation is a separate juridical person under La.Civ.Code art. 24, was not the party held in contempt of court and lacks standing to appeal the order holding the Bakers in contempt. The Bakers, not Safe Haven, have the right to an appeal.

In a brief filed by the Bakers in response to the Motion to Dismiss the Appeal, they state, "In point of fact, the only Appellant Brief of record herein was filed by John Baker and Alta Baker[.]" They also argue that this appeal was filed by the Bakers, and not Safe Haven, so the motion to dismiss must fail. The record before us includes only one motion seeking an appeal, filed by Safe Haven, and one order

2

granting an appeal, to Safe Haven. As Safe Haven lacks standing to appeal the judgment of contempt, the appeal is dismissed.

**APPEAL DISMISSED.**

NUMBER CA 05-1609

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

PATRICIA K. MCNEELY

VERSUS

SAFE HAVEN ENTERPRISES, INC.

SAUNDERS, J., dissents and assigns written reasons.

**DISSENT**

I respectfully dissent. While the majority concludes that the appeal should be dismissed, I believe that Safe Haven does have standing and the merits of the appeal should be addressed. The Bakers were to be deposed in their role as corporate representatives. This is evidenced by the fact that the corporation, not the Bakers, was the subject of the motion for contempt. Furthermore, not only was Safe Haven the party named on the motion, but it was the defendant in rule at the hearing on the motion. An appeal is the right of a **party** to have a judgment revised, modified, set aside, or reversed. La.Code Civ.P. art. 2082. [Emphasis added]. Safe Haven, not the Bakers individually, is party to the litigation and was the defendant in rule at the hearing of the motion which sought that it be held in contempt. Furthermore, the above definition does not limit a party's right to appeal to judgments in which they are cast. *Id*. The Bakers are not parties to the litigation, nor were they named individually in the motion for contempt suggesting that the trial court abused its discretion by holding them, not the corporation, in contempt.

While I certainly agree with the majority that the Bakers have standing to appeal the judgment on their own behalf, I do not believe that Safe Haven is

precluded from appealing this judgment.  Louisiana is a civilian jurisdiction and I see no codal prohibitions to Safe Haven's appeal from this judgment.  It may have been preferable for the Baker's to appeal in their own right, but I think the interests of justice and judicial efficiency are best served by addressing the merits of the appeal at this time.

JDS