**NOT DESIGNATED FOR PUBLICATION**

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1334

**PATRICIA K. MCNEELY**

**VERSUS**

**SAFE HAVEN ENTERPRISES, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-736-04
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED IN PART, VACATED IN PART AND RENDERED.**

Stanley Stephen Spring, II
Spring & Spring, LLC
733 East Airport Ave. #104
Baton Rouge, LA 70806
(225) 932-9671
Counsel for Defendant-Appellant:
Safe Haven Enterprises, Inc.

Milo Addison Nickel Jr.
Nadia Marie de la Houssaye
Perret Doise, APLC
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000
Counsel for Defendant-Appellee:
MB Industries, LLC

**Pickett, Judge.**

The appellants, John and Alta Baker and Safe Haven Enterprises, Inc., appeal a judgment from the trial court denying their Motion for Annulment of Final Judgment or for Modification in Accordance with Law.

## STATEMENT OF THE CASE

On July 29, 2005, the trial court found John and Alta Baker in contempt of court for failure to attend a deposition. In that judgment, the trial court ordered the counsel for Patricia McNeely and MB Industries (MBI) to submit affidavits setting forth their costs, fees and expenses associated with the contempt proceedings. On August 9, 2005, the trial court signed an order awarding Patricia McNeely $2,673.32 in attorney fees. On August 10, 2005, the trial court signed an order awarding MBI $3,472.00 in attorney fees. A Motion for Rehearing was denied by the court on September 6, 2005. Safe Haven appealed the judgment finding the Bakers in contempt. This court dismissed the appeal, finding that Safe Haven lacked standing to appeal a judgment finding the Bakers in contempt. *McNeely v. Safe Haven Enterprises, Inc.*, 05-1609 (La.App. 3 Cir. 5/10/06), 930 So.2d 293, *writ denied*, 06-1352 (La. 9/22/06), 937 So.2d 389.

On February 14, 2006, John and Alta Baker filed a Motion for Annulment of Final Judgment or for Modification in Accordance with Law. They argued that the contempt order should be annulled pursuant to La.Code Civ.P. art. 2004, and that the law did not provide for attorney fees when a party was held in contempt of court. After receiving briefs on the issue, the trial court denied the relief sought by the Bakers in a ruling dated July 18, 2006. This appeal followed.

1

The Bakers assert nine assignments of error on appeal:

1.  The Trial Court erred in denying the Motion for Annulment of Final Judgment or for Modification in Accordance with Law which was sought by John and Alta Baker relative to the trial court's finding of contempt, even in light of no notice of hearing being given to the Bakers.

2.  The Trial Court erred in failing to grant a Motion to Quash the depositions of John and Alta Baker when the Notice of Deposition was received by defendant corporation (not the deponents) less than one day before the scheduled deposition.

3.  The Trial Court erred in finding John and Alta Baker to be in contempt of court for failing to return from out of state to attend a deposition of which they did not receive notice.

4.  The Trial Court erred in assessing a fine of $250.00 apiece against John and Alta Baker for their failure to attend a deposition of which they received no notice.

5.  The Trial Court erred in signing an Order relative to the July 26, 2005, hearing on July 29, 2005, inasmuch as there was no accompanying certificate of compliance with Rule 9.5 of the Uniform Rules of Louisiana District Courts.

6.  The Trial Court erred in granting a Motion for Contempt filed by plaintiff Patricia K. McNeely.

7.  The Trial Court erred in granting a Motion for Contempt filed by litigant MB Industries, LLC.

8.  The Trial Court erred in granting two Motions to Appoint Private Process Server filed by MBI.

9.  The Trial Court erred in awarding attorney fees to the successful parties to a Motion to Compel.

## DISCUSSION

The Bakers argue that the judgment finding them in contempt of court should be annulled pursuant to La.Code Civ.P. art. 2004. Article 2004 states:

A. A final judgment obtained by fraud or ill practices may be annulled.

B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

The Bakers, as is evident in their first eight assignments of error, allege that there were procedural defects which led to the finding of contempt. These are properly considered in an appeal to the judgment finding them in contempt, not an action for nullity. "The action provided by [La.Code Civ.P. art. 2004] is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary." *Smith v. Cajun Insulation, Inc.*, 392 So.2d 398, 401 (La. 1980). The Bakers failed to appeal the judgment of contempt. We find nothing in the arguments advanced in their first eight assignments of error which would support a nullity action. Thus, these assignments of error lack merit.

The Bakers also argued in the district court that the award of attorney fees should be reversed. We agree. Louisiana Revised Statutes 13:4611 sets out the penalties for contempt of court. The maximum penalty in this situation is a $500 fine and/or three months imprisonment. La.R.S. 13:4611(1)(d). Attorney fees are not a penalty provided for in the statute. Thus, the orders of the trial court awarding attorney fees to Patricia McNeely and MBI are vacated.

## CONCLUSION

The judgment of the trial court denying the nullity action is affirmed. The orders of the trial court awarding attorney fees to Patricia McNeely and MBI are

vacated.  Costs of this appeal are assessed 50% to the Bakers, 25% to Patricia

McNeely, and 25% to MBI.

**AFFIRMED IN PART, VACATED IN PART AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.